OPINION.
{¶ 1} Defendant-appellant, Marcia C. Bowling, appeals from the judgment of the common pleas court denying her motion for sanctions against plaintiff-appellee, Walter Broadnax, Jr., his attorney, Kenneth L. Lawson, and the law firm Kenneth L. Lawson 
Associates. For the following reasons, we reverse the judgment.
 {¶ 2} While the order appealed from was entered by the general division of the common pleas court ("common pleas court"), the underlying controversy in this case occurred as a result of proceedings between the parties in domestic relations court. In 1997, Bowling and Broadnax were divorced by a decree entered by Judge Penelope Cunningham of the domestic relations court in Hamilton County. At the same time, Judge Cunningham awarded joint legal custody of the couple's son, Walter Broadnax, III, ("Bo") to Bowling and Broadnax through a final decree of shared parenting.
 {¶ 3} In August 2000, Bowling filed in the domestic relations court a motion for contempt against Broadnax and a motion to modify the allocation of parental rights and responsibilities. In November 2000, Bowling also filed a motion to terminate the shared-parenting plan, as well as a motion to terminate or suspend Broadnax's schedule of parenting time with Bo.
 {¶ 4} While those motions remained pending, Judge Cunningham appointed a guardian ad litem for Bo. During this time, a dispute arose between the parties concerning the child's medical status. A doctor who had evaluated Bo at Bowling's request expressed her belief that Bo had ADHD (attention deficit hyperactivity disorder), while a doctor engaged by Broadnax indicated that he disagreed with that diagnosis.
 {¶ 5} In November 2001, Bowling filed a motion requesting an order designating her as Bo's residential parent and legal custodian. Thereafter, Bo's guardian ad litem submitted to the domestic relations court a report in which he recommended that the court designate Bowling as Bo's residential parent and legal custodian.
 {¶ 6} On January 4, 2002, Judge Cunningham entered a temporary parenting order under which the shared-parenting plan was suspended and Bowling was designated as the temporary residential parent and legal custodian of Bo. Judge Cunningham ordered that Broadnax was to receive parenting time on a supervised basis only. Until that order was entered, Bowling had not administered medication for ADHD that had been prescribed by Bo's pediatrician. Broadnax then asked this court to stay the domestic relations court's order, but we denied that request.
 {¶ 7} Later, on January 22, 2002, Judge Cunningham issued a temporary restraining order against Broadnax to enjoin him from any contact or communication with Bo in the absence of a court-appointed supervisor.
 {¶ 8} On February 25, 2002, Broadnax filed the present action in the common pleas court as Bo's next friend. Broadnax sued Bowling for "intentional interference of the [sic] contract."[2] The contract was "[t]he December 11, 1997 Shared Parenting Plan." Broadnax alleged that "Bowling was aware that the contract required joint decision-making for all medical treatment of Bo and intentionally breached the contract" by administering Ritalin to the child. Broadnax sought compensatory and punitive damages, attorney fees, and costs.
 {¶ 9} Broadnax filed a motion for a preliminary injunction and a temporary restraining order to prohibit Bowling from administering Ritalin to Bo. Bowling filed a motion to dismiss Broadnax's complaint, alleging that Broadnax had no standing to file the action and that the common pleas court had no jurisdiction over his claim. The common pleas court overruled Broadnax's motion for injunctive relief and his motion to strike Bowling's motion to dismiss. The court also converted Bowling's motion to dismiss into a motion for summary judgment pursuant to Civ.R. 56 and later granted summary judgment in favor of Bowling.
 {¶ 10} Bowling then filed a motion for an award of costs, attorney fees, and expenses that she had incurred as a result of Broadnax's complaint. Bowling specifically requested that the award be made against Broadnax, his attorney, Kenneth L. Lawson, and the law firm of Kenneth L. Lawson Associates. Following a hearing, the common pleas court denied Bowling's motion. Because the court found that there had been no frivolous conduct, it did not accept any evidence regarding fees and other expenses. On appeal, Bowling now argues that the trial court erred by denying her motion for fees pursuant to R.C. 2323.51.
 {¶ 11} R.C. 2323.51 allows a court to award court costs, reasonable attorney fees, and expenses to any party that has been adversely affected by frivolous conduct.[3] The statute defines "conduct" as "the filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, or the taking of any other action in connection with a civil action."[4] Frivolous conduct is defined, in part, as conduct of a party to a civil action or the party's counsel of record that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."[5]
 {¶ 12} A motion for sanctions filed pursuant to R.C. 2323.51
requires a court to determine whether the challenged conduct was frivolous conduct as defined by the statute, and, if so, whether any party was adversely affected by it.[6] If the court finds that a party has been adversely affected by frivolous conduct, the court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action.[7] An award may be made against the offending party, the party's counsel of record, or both.[8]
 {¶ 13} The determination of whether a pleading or argument is warranted under existing law or can be supported by a good-faith argument for an extension, modification, or reversal of existing law involves a question of law.[9] Because the question is one of law, this court reviews the trial court's decision de novo.[10] Bowling argues that Broadnax's commencement of the interference-with-contract action in the common pleas court was frivolous conduct because the domestic relations court had continuing exclusive jurisdiction over all domestic relations matters, including the enforcement or modification of the parties' shared-parenting plan. We agree.
 {¶ 14} R.C. 3105.011 vests domestic relations courts with jurisdiction "appropriate to the determination of all domestic relations matters."[11] In Ohio, the court in which a divorce decree is originally entered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties.[12]
 {¶ 15} R.C. 3109.04 sets forth the rules and procedures for domestic relations courts to follow in child-custody cases.[13] R.C. 3109.04 authorizes a domestic relations court to modify its own custody and visitation orders.[14]
"For example, R.C. 3109.04(E)(1)(a) allows modification when `a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and * * * modification is necessary to serve the best interest of the child.' Thus, as a practical matter, a custody and visitation order is never absolutely final. * * * The trial court has a continuing responsibility under R.C.3109.04(B)(1) and (E)(1)(a) to protect the best interest of the children."[15]
 {¶ 16} Thus, where a domestic relations court has exclusive jurisdiction to enforce or modify its shared-parenting decree, a challenge to a party's adherence to the terms of the decree must be filed in the domestic relations court. A party's filing of such a claim in the common pleas court is legally groundless because it is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law. Therefore, we hold that, in this case, where the domestic relations court had exclusive jurisdiction to enforce or modify its shared-parenting decree, Broadnax's attempt to circumvent that jurisdiction by filing a complaint against Bowling in the common pleas court constituted patently frivolous conduct as a matter of law.
 {¶ 17} As the Ohio Supreme Court has observed, "the risk of a motion for sanctions under the statute is one that an attorney should anticipate when filing a complaint. We have no desire to cause a chilling effect on the duty of counsel to vigorously represent their clients. Counsel, however, must balance that duty with their concomitant obligation to the bar, the court, and their client to perform responsibly `within the bounds of thelaw.'"[16]
 {¶ 18} Although we have determined that the filing of the interference-with-contract action was frivolous conduct, we must remand this matter to the common pleas court for a determination of whether Bowling was adversely affected by the conduct. If the court finds that Bowling was adversely affected, the court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the action or appeal. While a finding of adverse impact may seem apparent because Bowling was required to defend the action and file an appeal, we are mindful that the court's decision whether to award attorney fees, costs, and other expenses on the basis of frivolous conduct that has given rise to adverse consequences is reviewed under an abuse-of-discretion standard.[17] Moreover, without the benefit of any documentation regarding fees and other expenses, this court is not in a position to review the issue.
 {¶ 19} Also, Bowling argues that Broadnax had no standing to commence the intentional-interference-with-contract action on behalf of his son in the common pleas court. Although standing was an issue before the trial court, we hold that thejurisdictional issue is dispositive of the appeal, and we therefore decline to address standing.
 {¶ 20} Therefore, we reverse the judgment of the common pleas court and remand this cause for a determination of whether Bowling was adversely affected by the frivolous conduct, and, if so, for a determination whether to award reasonable attorney fees, costs, and expenses in accordance with law.
Judgment reversed and cause remanded.
Doan and Sundermann, JJ., concur.
[2] Broadnax also asserted claims against other defendants that are not pertinent to this appeal.
[3] R.C. 2323.51(B)(1).
[4] R.C. 2323.51(A)(1)(a).
[5] See R.C. 2323.51(A)(2)(a)(ii).
[6] See R.C. 2323.51(B)(2)(c); Riston v. Butler,149 Ohio App.3d 390, 396, 2002-Ohio-2308, 777 N.E.2d 857, at ¶ 21.
[7] See R.C. 2323.51(B)(1).
[8] R.C. 2323.51(B)(4).
[9] Passmore v. Greene Cty. Bd. of Elections (1991),74 Ohio App.3d 707, 712, 600 N.E.2d 309.
[10] Riston v. Butler, supra, at 398, 2002-Ohio-2308,777 N.E.2d 857, at ¶ 27; Passmore, supra.
[11] Hockstok v. Hockstok, 98 Ohio St.3d 238, 241,2002-Ohio-7208, 781 N.E.2d 971, at ¶ 14.
[12] See Loetz v. Loetz (1980), 63 Ohio St.2d 1, 2,406 N.E.2d 1093.
[13] Hockstok, supra.
[14] Kelm v. Kelm, 92 Ohio St.3d 223, 227, 2001-Ohio-168,749 N.E.2d 299.
[15] Id.
[16] Scheiderer Assoc. v. London, 81 Ohio St.3d 94, 97,1998-Ohio-453, 689 N.E.2d 552, citing Canon 7 of the Code of Professional Responsibility and EC 7-1.
[17] Riston, supra, citing Scheiderer Assoc., supra.