BRYAN, Appellee,

v.

BRYAN, Appellant.

[Cite as *Bryan v. Bryan*, 161 Ohio App.3d 454, 2005-Ohio-2739.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040166.

Decided June 3, 2005.

Phyllis G. Bossin Co., L.P.A., Phyllis G. Bossin, and Shannon F. Eckner, for appellee.

Thomas W. Condit, for appellant.

GORMAN, Judge.

{¶ 1} This appeal stems from an order requiring defendant-appellant, Craig E. Bryan, to pay the attorney fees and expenses of plaintiff-appellee, Dina M. Bryan, under R.C. 2323.51, as a sanction for filing a legally groundless motion for the reallocation of parental rights.

{¶ 2} The Bryans' three-year marriage ended with a decree of dissolution in July 1998. Dina was designated the residential parent and legal custodian of

their son, Tanner. Dina and Tanner, initially with Craig's permission, and ultimately with court authorization, moved to Florida in late 1998.

{¶ 3} In March 2000, Craig filed a motion for a reallocation of parental rights and responsibilities, seeking to become the residential parent. An agreed entry resolved the issue by providing for extensive visitation for Craig, a two-week custody period during the summer, and frequent telephone contact.

{¶ 4} Three years later, Craig filed a second motion for a reallocation of parental rights and responsibilities based upon a "substantial and continuing change in circumstances that have occurred since the last Court order" and supported by his affidavit. The trial court held a hearing on the motion on February 12, 2004. At the conclusion of Craig's argument, Dina moved to dismiss the motion to reallocate. The trial court granted the motion to dismiss and then proceeded to hear testimony on Dina's motion for an award of costs, attorney fees, and expenses incurred as a result of Craig's motion.

{¶ 5} In its February 18, 2004 decision and order, the trial court, in dismissing Craig's second motion to reallocate parental rights and responsibilities, held that the motion constituted frivolous conduct under R.C. 2323.51 and awarded Dina $20,956.70 in attorney fees. Craig has not appealed the dismissal of his motion, but he does contest the sanctions for frivolous conduct.

### Frivolous Conduct

{¶ 6} Craig argues that his second motion to reallocate parental rights and responsibilities was not frivolous under R.C. 2323.51 and that the trial court erred by ordering him to pay attorney fees and costs to Dina.

{¶ 7} R.C. 2323.51 allows a court to award court costs, reasonable attorney fees, and expenses to any party who has been adversely affected by frivolous conduct. See R.C. 2323.51(B)(1). The statute defines "conduct" as "*the filing* of a civil action, *the assertion* of a claim, defense, or other position in connection with a civil action, * * * or *the taking of any other action* in connection with a civil action." (Emphasis added.) R.C. 2323.51(A)(1)(a). Frivolous conduct is defined, in part, as conduct that is legally groundless, that is, conduct that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a)(ii). If the court finds that a party has been adversely affected by frivolous conduct, the court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action. See R.C. 2323.51(B)(1).

{¶ 8} If the facts underlying a claim for sanctions are not in dispute, only questions of law are presented for review, and an appellate court reviews de novo

458

the conclusion that a party's conduct was legally groundless. See *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, at ¶ 21.

{¶ 9} But if, as here, "the facts under a 'legally groundless claim' are in dispute, a mixed question of law and facts exists." Id. Thus the trial court's factual findings "[will] not be disturbed if they [are] supported in the record by competent, credible evidence." Id. at ¶ 20, citing with approval *Wiltberger v. Davis* (1996), 110 Ohio App.3d 46, 52, 673 N.E.2d 628; see, also, *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus; *State v. Reynolds* (Jan. 8, 2002), 7th Dist. No. 99–CO–48, 2002 WL 46988. Affording some deference to the trial court's factual findings in a child-custody case is consistent with the Ohio Supreme Court's holding that a trial judge, as the trier of fact, must be given wide latitude to consider all issues bearing upon whether there has been a change of circumstances. See *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 674 N.E.2d 1159, paragraph two of the syllabus.

{¶ 10} If an appellate court accepts the trial court's findings of fact, it then independently determines the propriety of the trial court's legal conclusion that the claim was legally groundless. See *Riston v. Butler* at ¶ 21 and 22.

## Factual Findings on Change of Circumstances

{¶ 11} A party seeking to modify custody under R.C. 3109.04 must initially demonstrate that a change in circumstances has occurred. See *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159, paragraph one of the syllabus. The change of circumstances claimed must be "substantiated, continuing, and [have] a materially adverse effect upon a child." *Schaeffer v. Schaeffer*, 1st Dist. Nos. C–020721, C–020722, C–020723, C–030255, and C–030385, 2004-Ohio-2032, 2004 WL 869359, at ¶ 21, quoting *Wyss v. Wyss* (1982), 3 Ohio App.3d 412, 416, 3 OBR 479, 445 N.E.2d 1153.

{¶ 12} In its February 18, 2004 entry, the trial court made factual findings that the circumstances had not changed, as there was no substance to Craig's allegation that he was being denied parenting time or that Tanner was struggling socially, emotionally, and academically.

{¶ 13} The trial court's factual finding on parenting time was supported by competent, credible evidence. Craig's own testimony, the testimony of the parenting specialist, and phone records revealed that Craig filed this motion to reallocate largely to increase his visitation time, that he had consistent telephone contact with Tanner, and that he had received all of the visitation time permitted by the trial court's earlier rulings. There was no evidence to contradict the trial court's finding on Craig's parenting-time allegation.

{¶ 14} In support of his initial allegations that Tanner was suffering from emotional distress, Craig stated that when his son visited him in Cincinnati, Tanner had great difficulty sleeping alone and would wake up during the night. Craig stated that Tanner told him that he would often sleep with his mother. Craig also alleged that Tanner had reading difficulties and had had one incident of a dispute with another child while playing a video game. Craig also contended in support of his second motion to reallocate parenting rights and responsibilities that Dina was causing distress in Tanner's life by exposing him to the stress of court litigation.

{¶ 15} The trial court heard evidence that Tanner had been evaluated by a psychologist, a parenting specialist, and his guardian ad litem. The psychologist agreed that Tanner had "anxious concerns" associated with ongoing parental conflict but found "no indications of serious psychopathology, a learning disability or related problems." Both the parenting specialist and the guardian ad litem found Tanner to be happy, engaging, and well adjusted. He participated in sports and scouting programs. They reported that Tanner was doing well in school, as verified by Tanner's report cards that were available for Craig's review. The trial court's factual finding that there was no substance to Craig's claim of emotional distress was supported by competent, credible evidence.

{¶ 16} Accepting the trial court's factual finding that there was no substance to Craig's assertion of a change of circumstances, we now examine whether the findings of fact supported the trial court's conclusion that Craig's claim was legally groundless under R.C. 2323.51(A)(2)(a)(ii). This is an objective standard. See *Riston v. Butler* at ¶ 31.

{¶ 17} Craig's own testimony revealed that he was frustrated with Tanner's move to Florida in 1998 and that his purpose in filing the motion was to expand his visitation time. While he could have moved the court to modify his visitation periods, instead he alleged that a change of circumstances was sufficient to reallocate parental rights. He persisted in this strategy even after recanting many of his allegations and after the parenting specialist and the guardian ad litem had failed to find any support for his contentions. We hold that "no reasonable lawyer would have brought [and maintained] the [motion] in light of the existing law" that required a demonstration of a change of circumstances to prevail. See *Riston v. Butler* at ¶ 31; see, also, R.C. 3109.04. Therefore, Craig's motion was legally groundless because the record confirms that it was not warranted under existing law and could not be supported by a good-faith argument for an extension, modification, or reversal of existing law.

{¶ 18} Where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of

the trial court. See *Riston v. Butler* at ¶ 23–27. Under these facts, we cannot disturb the trial court's decision to award attorney fees as a sanction for pursuing a frivolous motion. The first assignment of error is overruled.

## The Fee Hearing

{¶ 19} Craig next asserts that the trial court erred in conducting an attorney-fee hearing without proper notice and in improperly computing the amount of the fees awarded.

{¶ 20} Craig's first claim is without merit. R.C. 2323.51 "does not specify any particular form for the motion," a set procedure for the trial court to follow in hearing a motion for sanctions, or notice requirements. *Surface v. Grottlla–Kennedy*, 2d Dist. No. 2002–CA–80, 2003-Ohio-3978, 2003 WL 21716183, at ¶ 18. Rather, "the risk of a motion for sanctions under the statute is one that an attorney should anticipate when filing a complaint." *Ron Scheiderer & Assoc. v. London* (1998), 81 Ohio St.3d 94, 97, 689 N.E.2d 552, quoted in *Broadnax v. Bowling*, 1st Dist. No. C–030502, 2004-Ohio-1114, 2004 WL 442872, at ¶ 17.

{¶ 21} The record is replete with notice to Craig that the trial court intended to conduct an attorney-fee hearing. The trial court's scheduling entry, filed December 3, 2003, stated that on February 12, 2004, "the trial shall proceed on the issue of change of circumstances and attorney fees."

{¶ 22} On February 3, 2004, Dina filed her motions to dismiss and for sanctions and attorney fees. On February 6, Dina filed a separate "Motion for Attorney Fees and Legal Expenses" with an attached affidavit and documentary evidence of time and expenses incurred in defending against Craig's second motion. The motion and accompanying affidavit were notice to Craig of the reasons for her request for fees and expenses. The motion included a "Notice of Hearing" that specified that the fee hearing was to occur before the trial court at 1:00 p.m., on February 12—six days after the filing of the motion. On February 11, 2004, Craig filed a memorandum in opposition to Dina's sanction and fee motion. In this memorandum, he asked for sanctions and attorney fees against Dina for her frivolous conduct under Civ.R. 11 and R.C. 2323.51.

{¶ 23} The trial court heard testimony about Craig's frivolous conduct during the hearing on the motion to reallocate. It also received the testimony of Dina's counsel on the fees and expenses incurred to defend against the frivolous motion. Craig cross-examined Dina's counsel. He had ample notice of the operative facts and the fees and expenses allegedly incurred due to his frivolous conduct.

{¶ 24} As the trial court carefully evaluated the evidence of Craig's frivolous conduct and the fees and expenses incurred to defend against it, this court cannot disturb the decision to award a monetary sanction supported by evidence in the

record. See *Evans v. Bossin* (1995), 107 Ohio App.3d 544, 546, 669 N.E.2d 87; see, also, *Riston v. Butler* at ¶ 23–27. The second assignment of error is overruled.

{¶ 25} Therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

HILDEBRANDT, P.J., and PAINTER, J., concur.