DECISION
{¶ 1} Plaintiff-appellant Jean Riley appeals from the trial court's judgment granting defendant-appellee Supervalu Holdings, Inc.'s motion for attorney's fees and expenses against her counsel under Civ.R. 11 and R.C. 2323.51.
 Underlying facts {¶ 2} On December 5, 2003, Riley walked out of a bigg's Foods grocery store with a $1.06 can of cat treats that she did not pay for. Riley was arrested and charged with theft, but the charge was later dismissed for want of prosecution. On that same day, bigg's sent Riley a written demand for $50 as payment for its damages, which included administrative costs and a penalty related to the theft. The letter, citing R.C. 2307.61, informed Riley that she must pay the demand within 30 days or bigg's would pursue a civil action against her, which could result in additional penalties, court costs, and attorney's fees.
 {¶ 3} Riley's public defender told her not to pay the demand. Riley, however, subsequently retained new counsel, who told her that she must pay the demand or things "could get ugly." So, in April 2004, over four months after bigg's had sent the demand letter, Riley followed her counsel's advice and paid the demand. She purchased a money order near her attorney's office and mailed it to bigg's, along with a letter that she had composed with her attorney stating that she had been threatened with a baseless lawsuit.
 Riley's Ohio Consumer Sales Practices Act claim {¶ 4} One week later, Riley filed a class-action complaint against bigg's alleging violations of the Ohio Consumer Sales Practices Act (OCSPA)[1] in connection with the civil demand letter that bigg's had sent her. Riley's lawsuit was filed on behalf of a class of people who had received a civil demand letter and who had never been convicted of the offense mentioned in the letter. Riley alleged that the demand letter sent by bigg's was deceptive because it falsely accused the recipient of having violated the criminal code, because it falsely claimed that bigg's would file suit within thirty days unless the recipient paid the demanded sum of money, because it falsely claimed the right to additional penalties, and because it failed to include other mandatory language set forth in R.C. 2307.61.
 Supervalu's attempts to dismiss Riley's claim {¶ 5} Shortly after receiving Riley's complaint, Supervalu's counsel sent a letter to Riley's counsel, providing two separate reasons why Riley's lawsuit had no merit and should be dismissed: (1) the consumer transaction required under the OCSPA was missing; and (2) the OCSPA did not apply to Supervalu's written demand letter because it was specifically permitted by R.C.2307.60 and 2307.61. Supervalu's counsel warned that a motion for sanctions would be forthcoming unless the lawsuit was dismissed. When Riley's counsel refused to dismiss the lawsuit, Supervalu filed a motion to dismiss on the basis that bigg's was a fictional entity not subject to suit. Supervalu also moved for dismissal on the two grounds that its counsel had identified in the letter to Riley's counsel.
 {¶ 6} Riley's counsel refused to dismiss the complaint. Instead, they filed an amended class-action complaint, naming Supervalu as the defendant in place of bigg's. Supervalu filed a new motion to dismiss, which the trial court converted to a motion for summary judgment. After deposing Riley, Supervalu moved for summary judgment on the same two legal grounds that it had identified in its letter to Riley's counsel and in the motion to dismiss. The trial court granted summary judgment to Supervalu.
 Supervalu's motion for sanctions {¶ 7} On October 15, 2004, Riley appealed to this court the trial court's decision granting summary judgment to Supervalu.[2] that same day, Supervalu filed with the trial court a motion for attorney's fees and expenses pursuant to Civ.R. 11 and R.C. 2323.51. Supervalu argued that Riley's OCSPA claim was legally frivolous and asked the trial court to impose sanctions upon Riley's counsel. The crux of Supervalu's argument was that Riley had no basis for asserting an OCSPA claim against Supervalu (1) when the facts were undisputed that Riley had walked out a bigg's store with a can of cat treats that she did not pay for, (2) when Ohio case law was clear that the consumer transaction required under the OCSPA could not be met when the store had taken no action to transfer the cat treats to Riley, and (3) when under the circumstances, the store was entitled by Ohio law to send a civil demand letter to Riley without violating the OCSPA.
 Riley's opposition to sanctions {¶ 8} Riley filed a memorandum opposing the motion. Riley argued, among other things, that because there was no Ohio case law directly on point, it was not frivolous for her to argue by analogy to other cases in a good-faith attempt to extend the law. Riley attached to her memorandum the affidavits of three attorneys. Each affiant stated that he had reviewed the pleadings in the case and had concluded that Riley's allegations were supported by a good-faith argument for an extension of existing consumer-practice law.
 Sanctions hearing {¶ 9} On December 21, 2004, the trial court held a hearing on Supervalu's motion for fees and expenses. At the hearing, counsel for Supervalu and Riley presented their respective legal arguments. Supervalu also presented testimony from attorney David Peck concerning the reasonableness of the legal fees Supervalu's counsel had expended on the case.[3] Riley's counsel did not challenge the amount of fees and costs that Supervalu claimed, nor did they put forth at the hearing any evidence additional to the three affidavits appended to their memorandum opposing the motion for fees and expenses. The parties agreed by stipulation to admit the affidavits.
 Trial court's decision {¶ 10} On January 7, 2005, the trial court issued a decision granting Supervalu $40,373.66 in fees and costs against Riley's counsel under Civ.R. 11 and R.C. 2323.51. The trial court held that the failure of Riley's counsel to review the provisions of the OCSPA prior to bringing the class-action claim against Supervalu was frivolous and unreasonable. The trial court stated that, had Riley's counsel reviewed the OCSPA, they would have been aware of R.C. 1345.12, which specifically exempts a supplier from the provisions of the OCSPA when its conduct is authorized by another statutory provision. The trial court found that because Supervalu's civil demand letter had been specifically permitted under R.C. 2307.60 and 2307.61, the OCSPA could not, as a matter of law, apply to Riley's claim. The trial court further found frivolous Riley's counsel's pursuit of a class-action complaint based on the argument that "an alleged shoplifting offense was a consumer transaction."
 {¶ 11} On January 13, 2005, Riley's counsel filed a motion for reconsideration and submitted affidavits from seven attorneys. Supervalu opposed the motion for reconsideration and moved to strike the newly submitted affidavits. Supervalu also filed a supplemental memorandum seeking an additional $16,485.53 for fees and expenses related to the December 2004 fee hearing.
 {¶ 12} On February 7, 2005, the trial court permitted the parties to argue Riley's motion for reconsideration and then overruled it. On February 10, 2005, the trial court granted Supervalu's motion to strike Riley's supplemental affidavits, but overruled its motion for additional fees. Riley now appeals, asserting one assignment of error.
 Analysis {¶ 13} In her sole assignment of error, Riley argues that the trial court erred as a matter of law in granting Supervalu's motion for fees and costs under Civ.R. 11 and R.C. 2323.51 on the ground that her counsel had presented a legally groundless claim.
 Standard of review {¶ 14} "Civ.R. 11 authorizes an award of expenses and reasonable attorneys fees to an opposing party where an attorney signs a pleading, motion, or other document while aware that the document lacks good ground to support it."[4] A trial court's decision to impose sanctions under Civ.R. 11 lies within its discretion and will not be reversed in the absence of an abuse of that discretion.[5] R.C. 2323.51 "allows a court to award court costs, reasonable attorney fees, and expenses to any party that has been adversely affected by frivolous conduct. * * * Frivolous conduct is defined, in part, as conduct of a party to a civil action or the party's counsel of record that `is not warranted under existing law and cannot be supported by a good faith argument for extension, modification, or reversal of existing law.'"[6] When a trial court awards sanctions under R.C. 2323.51 on the basis that a party has pursued a legally groundless claim and the facts underlying the award are not disputed, this court employs a de novo standard of review.[7]
 {¶ 15} The trial court found that Riley's OCSPA claim was legally frivolous for two main reasons: (1) because the OCSPA could not apply to Supervalu's demand letter when it was specifically permitted by R.C. 2307.60 and 2307.61; and (2) because Riley's alleged shoplifting incident was not a consumer transaction for purposes of the OCSPA.
 Existing law showed there could be no consumer transaction in this case {¶ 16} At the time that Riley filed her complaint, the OCSPA defined the term "consumer transaction," in relevant part, as "a sale * * * or other transfer of an item of goods to an individual."[8] Thus, the statute, on its face, clearly required a consumer transaction, which the statute explicitly defined as a sale or transfer of goods by a seller to a consumer. Ohio courts have also explicitly required that the consumer transaction occur between the supplier and the consumer. For example, in Fendrich v. FIF Development, the Court of Appeals for the Ninth Appellate District rejected a plaintiff's OCSPA claim based on a campground membership, where the plaintiff had purchased the membership from a woman's estate instead of from the campground.[9] The court held that because the plaintiff had not engaged in any transaction with the campground, the requisite consumer transaction was not shown.[10]
 {¶ 17} Instead of distinguishing this case law, Riley's counsel either ignored it or argued that it was irrelevant, without any reasoned basis for doing so. Riley's argument that the required transfer of goods could have effectively been made from the consumer to herself had no support in law. In fact, it contravened the clear language of OCSPA. Riley cited no case law holding that a consumer transaction existed under these circumstances.
 {¶ 18} Riley cited only one case decided under the OCSPA to support her argument that there was a consumer transaction. She relied on this court's decision in Braucher v. MariemontAuto[11] to argue that the required transfer of goods had occurred under the OCSPA. However, that case was wholly inapplicable to the facts of her case. In Braucher, this court reversed the entry of summary judgment for a defendant because there remained a material dispute regarding whether the plaintiff had made a downpayment on a car and the seller had voluntarily transferred possession of the car to the consumer.[12] InBraucher, the parties signed a purchase order and the seller affirmatively acted to transfer possession of the car to the plaintiff, allowing him to leave the premises with the vehicle.[13] Braucher did not support Riley's position, but instead was consistent with the OCSPA's requirement that the transfer of goods must be made from the seller to the consumer. In Riley's case, Supervalu never gave her permission to leave the store with the cat treats, and it was undisputed that Riley never paid for the treats. Riley's counsel was also counsel inBraucher and, thus, should have been aware of the correct facts and holding in that case.
 {¶ 19} Thus, existing Ohio law clearly provided that there could not be a "consumer transaction" under the OCSPA where someone has taken an item without providing any consideration or payment for it and the owner has not consented to or otherwise participated in the transfer. Moreover, Riley's counsel had no basis for arguing by analogy from this court's prior decision inBraucher. We, therefore, agree with the trial court that Riley's counsel either ignored or failed to adequately investigate OCSPA law. Consequently, Supervalu was entitled to an award of sanctions on this basis.
 Existing law showed Supervalu's letter was authorized by R.C. 2307.61 {¶ 20} In addition to ignoring case law on the "consumer transaction" requirement of their claim, Riley's counsel also ignored clear statutory law that showed that her claim was precluded under the OCSPA on another basis. At the time that Riley's counsel brought her claim, the OCSPA specifically stated that it did not apply to "[a]n act or practice required or specifically permitted by or under federal law, or by or under other sections of the Revised Code."[14] Because Supervalu's letter was specifically permitted by R.C. 2307.60 and2307.61, it could not be the subject of Riley's OCSPA claim.
 {¶ 21} Riley argued that for Supervalu's demand letter to be permitted by R.C. 2307.60, Supervalu had to prove the existence of a criminal act. However, Riley cited no case law in support of her position, and her argument ignored the governing statutory language. Supervalu's demand letter was sent pursuant to R.C.2307.61. Contrary to Riley's assertions, that statute imposed no requirement upon a retailer to prove that a criminal act had occurred prior to sending a demand letter, and Riley cited to no such requirement in the statute or in the cases interpreting it. Riley also failed to acknowledge a case from another appellate district that was directly on point and contrary to her position. In Havens-Tobias v. Eagle, the Court of Appeals for the Second Appellate District affirmed the dismissal of an OCSPA claim brought against a party who had made a demand like Supervalu's under R.C. 2307.61.[15] Thus, Riley's OCSPA claim was legally frivolous on this basis as well.
 Conclusion {¶ 22} Because there was no relevant ambiguity in the existing OCSPA law, and because the language of the OCSPA was clear on its face and was not susceptible to the interpretations advanced by Riley's counsel, we overrule Riley's sole assignment of error and affirm the trial court's award of sanctions against Riley's counsel under Civ.R. 11 and R.C. 2323.51.
 Appellate sanctions {¶ 23} Supervalu has also filed a motion for sanctions against Riley's counsel under App.R. 23 and R.C. 2323.51. Because Riley ignored the clear language of the OCSPA, the civil collection statutes, and controlling case law, we find her appeal to be frivolous. We award Supervalu $2500 in fees for the prosecution of this appeal.
Doan, P.J., concurs.
Painter, J., concurs in part and dissents in part.
[1] R.C. Chapter 1345.
[2] We affirm the trial court's grant of summary judgment in a separate decision issued today. See Riley v. Supervalu Holdings,Inc., 1st Dist. No. C-040668.
[3] Supervalu submitted itemized billing records, which detailed its counsel's hourly rate, the total number of hours counsel had expended on the case, and other expenses.
[4] Moss v. Bush, 105 Ohio St.3d 458, 2005-Ohio-2419,828 N.E.2d 994, fn. 4.
[5] Id.
[6] Broadnax v. Bowling, 1st Dist. No. C-030502,2004-Ohio-1114, at ¶ 11.
[7] Riston v. Butler, 149 Ohio App.3d 390, 2002-Ohio-2308,777 N.E.2d 857 at ¶ 21; see, also, Bryan v. Bryan,161 Ohio App.3d 454, 2005-Ohio-2739, 830 N.E.2d 1216, at ¶ 8.
[8] R.C. 1345.01(A).
[9] (Oct. 16, 1991), 9th Dist. No. 2633.
[10] Id.
[11] 1st Dist. No. C-010599, 2002-Ohio-3298.
[12] Id., at ¶¶ 2-10.
[13] Id.
[14] R.C. 1345.12.
[15] 2nd Dist. No. 19562, 2003-Ohio-1561, at ¶¶ 19-21.