[Cite as *Hammond v. Hammond*, 2019-Ohio-1219.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


GRANT CHRISTOPHER HAMMOND,    :        APPEAL NO. C-180292
                                                TRIAL NO. DR-1002715

    Plaintiff-Appellant,          :

 vs.                                     :           *O P I N I O N.*

BRENDA KAY HAMMOND, n.k.a.    :
BRENDA KAY LARSON,

    Defendant-Appellee.         :


Appeal From:    Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 3, 2019


*Joseph C. Lucas*, for Plaintiff-Appellant,

*Lindhorst & Dreidame* and *Jay R. Langenbahn*, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1}   Plaintiff-appellant Grant C. Hammond appeals from the trial court's judgment (1) adopting the magistrate's decision denying Hammond's post-divorce decree motion to modify custody and (2) denying Hammond's request for a second in-camera interview of the parties' oldest child related to the requested custody modification.  For the reasons that follow, we affirm.

{¶2}   Hammond and defendant-appellee Brenda Kay Larson married in September 1999 and had two children together, one in 2002 and a second in 2007.  The final decree of divorce, entered in July 2012, named Larson as the sole residential parent and legal custodian of the children and accorded Hammond parenting time.

{¶3}   By mid-August of 2016, both parties had decided to move outside of the Reading School District where the children attended school.  Larson enrolled the children in schools within the Forest Hills School District near her new residence located within Hamilton County.  Hammond filed an emergency motion for a modification of custody and requested an in-camera interview of the parties' oldest child, whom he claimed wished to attend a school in the Little Miami School District near his new residence located outside of Hamilton County.

{¶4}   Hammond's motion for a change of custody was referred to a magistrate. In August 2017, the magistrate undertook an in-camera interview of the oldest child as requested by Hammond and then held a trial, over three dates beginning in September and ending in December 2017, on the threshold question of whether there had been a change in circumstances sufficient to allow a custody modification.  Both Hammond and Larson testified, and some of the testimony covered events that had taken place in the fall of 2017, after the magistrate's in-camera interview of the child.

{¶5} Subsequently, the magistrate issued a decision that set forth various findings of fact and conclusions of law, including that Hammond had failed to demonstrate a change in circumstances since the date of the decree that would warrant a change in custody. The magistrate summarized Hammond's arguments in support of finding a change in circumstances, which included the change in schools, maturation of the children, Larson's minor contacts with law enforcement, and Larson's "chaotic" relationship with the children. The magistrate also noted the evidence he had relied upon in coming to his determination that no change was demonstrated, including the in-camera interview of the child.

{¶6} Hammond filed objections to the magistrate's decision, claiming it was "against the manifest weight of the evidence." In support of his objections, he filed a partial transcript of the proceedings that only included some of Hammond's and Larson's testimony. Hammond did not file a transcript of the magistrate's in-camera interview of the child.

{¶7} One day before the objections hearing, Hammond filed a written motion requesting that the trial judge undertake an in-camera interview of the child. The trial judge denied the motion for the in-camera interview, overruled Hammond's objections, and adopted the magistrate's decision as the judgment of the court. Hammond now appeals, raising two assignments of error.

{¶8} In his second assignment of error, which we address first, Hammond argues that the trial court erred by adopting the magistrate's decision recommending the denial of his motion to modify custody.

{¶9} Hammond's motion to modify custody was governed by R.C. 3109.04(E)(1)(a), which provides in relevant part that the trial court shall not modify a prior custody determination unless it finds

> based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, [or] the child's residential parent, * * * and that the modification is necessary to serve the best interest of the child.

R.C. 3109.04(E)(1)(a).

{¶10} The party seeking to modify custody under R.C. 3109.04 must initially demonstrate that a change in circumstances has occurred. *Bryan v. Bryan*, 161 Ohio App.3d 454, 2005-Ohio-2739, 830 N.E.2d 1216, ¶ 11 (1st Dist.). The change of circumstances claimed must be "a change of substance, not a slight or inconsequential change." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). *See Bryan* at ¶ 11, citing *Schaeffer v. Schaeffer*, 1st Dist. Hamilton Nos. C-020721, C-020722, C-020723, C-030255 and C-030385, 2004-Ohio-2032, ¶ 21, quoting *Wyss v. Wyss*, 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (10th Dist. 1982). The trial court has "wide latitude" in considering the evidence and deciding custody issues, including determining whether a "change" has occurred to warrant a change in custody. *Flickinger* at paragraphs one and two of the syllabus.

{¶11} Hammond claims the greater weight of the evidence presented to the magistrate supported a finding that he had demonstrated the requisite change in circumstances and, therefore, the trial court erred by adopting the magistrate's decision. Our review on this issue, however, is hampered by the limited record.

4

Although Hammond objected to the magistrate's decision on the ground that it was against the manifest weight of the evidence presented, he did not file in the trial court the entirety of the record upon which the magistrate based his factual findings, as required by the civil rules.

{¶12} Where a matter is referred to a magistrate, the proceedings are governed by the procedures set forth in Civ.R. 53. Civ.R. 53(D)(b)(3)(iii), in pertinent part, states that the party objecting to a magistrate's finding must file with the trial court "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." The rule further provides that an objecting party may seek leave of court to satisfy its obligation with other means in lieu of a transcript—"with leave of court, alternative technology or manner of reviewing the relevant evidence may be considered." Civ.R. 53(D)(b)(3)(iii).[1]

{¶13} Hammond did not comply with the requirements of Civ.R. 53(D)(b)(3)(iii) when he filed only part of the evidence the magistrate relied upon in finding that there was no substance to Hammond's assertion of a change of circumstances. Hammond excluded parts of Hammond's and Larson's testimony and the entire in-camera interview of the child. Certainly the contents of the in-camera interview of the child were confidential, *see* R.C. 3109.04(B)(2)(c), but this did not excuse Hammond, as the objecting party, from providing the trial court with a sealed record of the contents of that interview.

{¶14} Because Hammond did not file the necessary evidence for the trial court to review the factual determinations of the magistrate, the court had to accept

---

[1] We caution that App.R. 9(B)(6) has different requirements than Civ.R. 53(D)(b)(3)(iii).

the magistrate's factual findings on the objected-to matters and determine if the magistrate erred in his legal conclusion that the motion for change in custody should be denied. *See* Civ.R. 53(D)(4)(d). This court's review of the trial court's decision is limited to whether the trial court's application of the law to its factual findings constituted an abuse of discretion. *See State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995); *In re Adoption of S.J.M.H.*, 1st Dist. Hamilton No. C-130683, 2014-Ohio-3565, ¶ 33.

{¶15} In this case, the trial court adopted the magistrate's express finding that the incidents cited by Hammond "[were] not indicative of a change in circumstances as contemplated by R.C. 3109.04." Because the trial court found there was no substance to Hammond's assertion of a change in circumstances, a threshold factor for a change in custody, we cannot say that the trial court's decision to deny Hammond's motion for a change in custody was unreasonable, arbitrary or unconscionable and, thus, an abuse of its discretion. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶16} Consequently, we overrule the second assignment of error.

{¶17} In his first assignment of error, Hammond contends that the trial court violated the mandatory provisions of R.C. 3109.04 when it denied his motion for a second in-camera interview of the child. R.C. 3109.04(B)(1) provides in relevant part:

> When making the allocation of the parental rights and responsibilities
> for the care of the children under this section * * * in any proceeding
> for modification of a prior order of the court making the allocation, the
> court shall take into account that which would be in the best interest of

6

the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, *shall* interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.

(Emphasis added.)

{¶18} Hammond moved for the second interview of the child on March 26, 2018. The trial judge heard argument on the motion the following day, at the hearing on Hammond's objections to the magistrate's decision. Hammond argued that a second interview was necessary because the magistrate's August 2017 in-camera interview did not take into account events that had occurred in the fall of 2017, and because the trial judge did not have a transcript of the interview to review.

{¶19} The parties assume that R.C. 3109.04(B)(1) applies when, as here, the proceedings on the motion to modify custody have been bifurcated and the court is determining only whether there has been a sufficient change in circumstances to review a prior custody determination. The issue then is, assuming the statute applied, did the trial court err by denying Hammond's motion for a second in-camera interview of the child in connection with his motion to modify custody?

{¶20} Hammond argues that that statute requires the trial court to hold an in-camera interview any time a party requests one. Alternatively, he argues that the trial court was required to grant his request here because the court did not have a record of the magistrate's August 2017 interview to review, and because a second

interview by the trial court would have allowed the court to obtain the child's wishes as they evolved during the course of events in the fall of 2017.

{¶21} Larson maintains that the trial court fulfilled its mandatory obligation under the statute for the in-camera interview when the magistrate interviewed the child earlier in the proceeding to determine whether there had been a sufficient change in circumstances.

{¶22} Initially, we reject Hammond's position that the statute mandated a second interview of the child merely because Hammond had made a second request. The statute requires the trial court to consider the best interest of the child when allocating the parental rights and responsibilities and for purposes of resolving any issues related to the making of that allocation and, in doing so, requires the court to interview any or all of the children regarding their wishes and concerns with respect to the allocation when requested to do so by either party. The statute does not impose an unlimited duty on the trial court to perform successive interviews of the same child in a single proceeding for modification of a custody degree, even if requested by a party, as Hammond suggests. And nothing in R.C. 3109.04(B)(2) or Civ.R. 53 prevents a magistrate from satisfying the requirements of the statute in a referred case. *See* Civ.R. 53(C); *see also In re T.M.M.*, 2017-Ohio-9219, 102 N.E.3d 558, ¶ 29 (7th Dist.) (juvenile court magistrate's in-camera interview of children fulfilled the requirement of R.C. 3109.04(B)(2)). Here, the magistrate performed the in-camera interview of the child in the proceeding as requested by Hammond, satisfying the requirements of R.C. 3109.04(B)(2).

{¶23} Further, we reject Hammond's argument that the court was required to hold a second in-camera interview of the child in this case because there was no

filed recording of the magistrate's interview for the judge to review when ruling on Hammond's objections. Civ.R. 53(D)(7) requires all proceedings before a magistrate to be recorded, unless otherwise provided by law. *See* Local Rule 8.4 of the Court of Common Pleas of Hamilton County, Domestic Relations Division. Hammond had the duty under Civ.R. 53(D)(b)(3)(iii) to present this part of the record to the trial court in support of his objections. The trial court cannot be said to have erred because Hammond failed in his duties.

{¶24} Finally, accepting Hammond's position, that the trial judge was required to hold a subsequent interview of the child because the magistrate's August 2017 interview did not take into account events occurring in the fall of 2017, would undermine the purposes and procedures of Civ.R. 53. Civ.R. 53(D)(4)(d) allows a trial court, when ruling on objections, to hear additional evidence, but "the court may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence before the magistrate." As Larson pointed out at the objections hearing, all of the events Hammond refers to were brought out in the testimony of the parents during the change-of-circumstances trial, yet Hammond did not ask the magistrate to conduct a supplemental interview of the child.

{¶25} Because Hammond's motion to modify had been referred to the magistrate, the magistrate had already performed an in-camera interview of the child as required by statute, and Hammond did not request that the magistrate supplement that interview, we conclude that Hammond has failed to demonstrate that the trial court erred by denying his request for a second in-camera interview of

9

the child in the proceeding for a change of custody. Accordingly, we overrule the second assignment of error.

{¶26} Therefore, the trial court's judgment is affirmed.

*Judgment affirmed.*

**MYERS, P.J.**, and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.