[Cite as *Souders v. Souders*, 2022-Ohio-1953.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TIFFANY J. SOUDERS, | : | APPEAL NO. C-210469 |
| | | TRIAL NO. DR-1400927 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| STEPHEN T. SOUDERS, | : | |
| Defendant-Appellant. | : | |

Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 10, 2022

*Morris Law Office, LLC*, and *Timothy Morris*, for Plaintiff-Appellee,

*Stephen T. Souders,* pro se.

**MYERS, Presiding Judge.**

{¶1} Defendant-appellant Stephen T. Souders appeals the trial court's judgment denying his motion to modify its decree allocating parental rights and responsibilities and denying his motion to modify its parenting-time order. Because the trial court did not abuse its discretion by denying the motions, we affirm.

## Background

{¶2} In 2014, the trial court issued a decree of dissolution of the marriage of Stephen and plaintiff-appellee Tiffany J. Souders, which incorporated a shared-parenting decree regarding the Souders' two children. In 2016, upon Tiffany's motion, the court terminated the shared-parenting decree and issued a decree for the allocation of parental rights and responsibilities that designated Tiffany as the residential parent and the legal custodian of the children. The court determined that Tiffany had been a "stable, secure, and effective parent," and that Stephen's stability had not been demonstrated. The court expressed concerns that Stephen had been "unable to address mental health issues which have an effect on his ability to function."

{¶3} The court issued a parenting-time order to establish the amount of time that the children would spend with Stephen, the nonresidential parent. The court conditioned Stephen's parenting time upon his continued residence in his parents' home, stating, "The concerns regarding Father's functioning require a stable presence, such as the paternal grandparents, during his parenting time." In addition, the court ordered that if Stephen ever wished to modify the parenting-time order, he would first have to obtain a mental-health assessment and present it to the court.

{¶4} In July 2021, Stephen filed a "motion for change of parental rights and responsibilities (custody)," which included a motion to modify the parenting-time order. He asked that the court grant him parenting rights and responsibilities equal

to that of Tiffany, permission to reside at an address in northern Kentucky, and "equal parenting-time" with the children, pursuant to his suggested visitation schedule.

{¶5}     The trial court denied the motion for reallocation of parental rights and responsibilities because Stephen failed to allege that a change occurred in the circumstances of the children or of Tiffany, the residential parent, as required by the governing statute, R.C. 3109.04(E)(1)(a).   In addition, the court denied Stephen's motion to modify the parenting-time order because he failed to submit to the court a mental-health assessment, as required by the order.  Stephen now appeals.

{¶6}     In Stephen's first, second, and third assignments of error,[1] he challenges the trial court's denial of his motion to modify the prior decree's allocation of parental rights and responsibilities, as well as its denial of his motion to modify the parenting-time order.  The trial court's rulings on both motions are reviewed for an abuse of discretion.  *Davis v. Flickinger*, 77 Ohio St.3d 415, 416, 674 N.E.2d 1154 (1997) (reallocation of parental rights); *Cwik v. Cwik*, 1st Dist. Hamilton No. C-090843, 2011-Ohio-463, ¶ 42 (parenting time).

### *Allocation of Parental Rights and Responsibilities (Custody)*

{¶7}     R.C. 3109.04(E)(1)(a) precludes a trial court from modifying a prior decree allocating parental rights and responsibilities unless it finds, based on facts that have arisen since the prior decree or unknown to it at that time, not only that a change has occurred in the circumstances of the child, the child's residential parent, or either parent subject to a shared-parenting decree, but also that the modification is necessary to serve the best interest of the child.  *In re James*, 113 Ohio St.3d 420, 2007-Ohio-

---

[1] The first assignment of error is:  "Where a Trial Court fails to acknowledge that both Mother and Father had a change of circumstances as outlined in [sic] Trial Court erred when it failed to view/read Father's Motion for Custody before rendering an Entry Denying Father's Motion for Custody and determining that a change of circumstances had occurred."  The second assignment of error is:  "Failed to acknowledge Father had submitted a mental-health assessment in his Motion for Custody, prior to denying Father's motion for failure to submit a mental-health assessment."  The third assignment of error is:  "Failed to consider Appellant Father's Motion in its entirety, when it denied Appellant Father's Motion."

2335, 866 N.E.2d 467, paragraph one of the syllabus. Where, as here, neither parent is subject to a shared-parenting decree, a court must find that a change occurred in the circumstances of the children or their residential parent. The intent of the statute's change-in-circumstances requirement is to "spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a 'better' environment." *Davis* at 418, quoting *Wyss v. Wyss*, 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (10th Dist.1982).

{¶8} The party seeking to modify a prior decree allocating parental rights and responsibilities must initially demonstrate that a change in circumstances has occurred. *Bryan v. Bryan*, 161 Ohio App.3d 454, 2005-Ohio-2739, 830 N.E.2d 1216, ¶ 11 (1st Dist.), citing *Davis* at paragraph one of the syllabus. The alleged change of circumstances must be "a change of substance, not a slight or inconsequential change." *Davis* at 418. "In determining whether a 'change' has occurred, we [must be] mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make." *Id.* We review a trial court's change-in-circumstances determination for an abuse of discretion because "a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change[.]" *Id.* at 416.

{¶9} In support of his motion to modify the decree allocating parental rights and responsibilities, Stephen alleged, "Since the Court issued the existing order, circumstances of the child(ren), residential parent, or legal custodian have changed as follows," but he listed only changes in his own health, employment, and financial circumstances, as well as his efforts to maintain child-support payments and to see his children. Despite the wording of his motion, Stephen identified no changes in the circumstances of either the children or their residential parent, Tiffany.

{¶10} As noted by the trial court, Stephen's motion "only allege[d] circumstances which have improved in his life." None of the changed circumstances

4

recited by Stephen's motion related either to the children or to their residential parent. Because Stephen failed to allege that a change has occurred in the circumstances of the children or of their residential parent, R.C. 3109.04(E)(1)(a) precluded the trial court from modifying the existing decree allocating parental rights and responsibilities. Therefore, we hold that the trial court did not abuse its discretion by denying Stephen's motion to modify the decree allocating parental rights and responsibilities.

{¶11} Stephen asserts that he sufficiently alleged a change of circumstances for Tiffany, the residential parent, who moved to a different county in Ohio. A reading of his entire motion reveals, however, that Stephen's mention of Tiffany's relocation was in support of his request to modify the parenting-time order and was not mentioned as a change of circumstance in support of his request to modify the allocation of parental rights and responsibilities. After detailing his own changed circumstances, Stephen requested that the court modify its 2016 order as follows:

● Father should be granted parenting rights and responsibilities (custody) equal to that of the Mother.

● Mother recently moved herself and the minor children to: * * *, Hamilton, OH 45013 in Butler County. Father wishes to reside at: * * *, Florence, KY 41042 in Boone County with the minor children and respectfully requests this court's permission to do so while in father's custody.

● Father wishes to have equal parenting-time with the minor-children, to wit; a (3) Day Father/Mother visitation schedule as described in (*Exhibit D*).

{¶12} A reasonable interpretation of Stephen's entire motion was that the mention of Tiffany's relocation was solely addressed to his request to modify the parenting-time order, so that his parenting time was no longer conditioned upon his

5

residence with his parents. Even if, as Stephen now argues, he alleged Tiffany's relocation as a change in her circumstances, relocation of the residential parent, by itself, is not sufficient to be considered a change of circumstances. *In re C.M.H.*, 11th Dist. Trumbull No. 2021-T-0016, 2021-Ohio-3979, ¶ 16; *In re E.R.*, 1st Dist. Hamilton No. C-180615, 2019-Ohio-4491, ¶ 10, citing *Green v. Green*, 11th Dist. Lake No. 96-L-145, 1998 Ohio App. LEXIS 1434 (Mar. 31, 1998); *Baker v. Baker*, 2d Dist. Montgomery No. 27850, 2018-Ohio-3065, ¶ 14; *In re N.W.F.*, 2019-Ohio-3956, 147 N.E.3d 86, ¶ 21 (7th Dist.). While relocation is a factor to be considered in whether a sufficient change of circumstances has occurred, Stephen did not allege any circumstances surrounding Tiffany's relocation that would overcome R.C. 3109.04(E)(1)(a)'s presumption in favor of retaining the existing residential parent. *See In re N.W.F.* at ¶ 21. We cannot say that the trial court abused its discretion in denying Stephen's motion to modify the allocation of parental rights and responsibilities.

### *Parenting Time*

{¶13} R.C. 3109.051 governs a trial court's decisions as to parenting time. *See Braatz v. Braatz*, 85 Ohio St.3d 40, 44, 706 N.E.2d 1218 (1999). Under R.C. 3109.051(A), a trial court may impose conditions on a nonresidential parent's parenting time. A trial court has broad discretion regarding the modification of parenting time. *In re T.M.*, 1st Dist. Hamilton Nos. C-200009 and C-200012, 2020-Ohio-6950, ¶ 22.

{¶14} Stephen argues that the trial court erred by denying his motion to modify the parenting-time order because he complied with the court's requirement that he obtain a mental-health assessment before seeking a modification of his parenting time. Stephen points to a record from the Cincinnati VA Medical Center regarding a December 2020 visit entitled, "GEN PSYCH MEDICAL/PHARMACY

6

ASSESSMENT," indicating the reason for his visit was that he "[s]witched PCPs [primary care physicians] and need to look at psych meds." The assessment was completed by a psychiatry resident, who discussed with Stephen the possibility of tapering the dosage of one of his medications, and noted that Stephen "opted to continue at current dose[.]" The assessment concluded that there was "no need for routine followup—will refer back to PCP for continued medication management[.]"

{¶15} In denying Stephen's motion for increased parenting time, the trial court stated that Stephen had not submitted a mental-health assessment, which was a prerequisite for his filing of a motion to modify parenting time under its 2016 order. Although the court did not specifically mention the submitted VA record in its decision, the court reasonably could have concluded that the record related only to a review of Stephen's medication and did not constitute a mental-health assessment. Consequently, we hold that the trial court did not abuse its discretion by denying Stephen's motion for increased parenting time where he failed to obtain a mental-health assessment in compliance with the 2016 order. We overrule the first, second, and third assignments of error.

### Errors Not Demonstrated in the Record

{¶16} In his fourth assignment of error, Stephen argues that the trial court "erred when it failed to correct their egregious error *Sua Sponte*, once notified of their egregious error on 8/13/2021." He contends that he informed the court that it had erred in stating that he had not submitted a mental-health assessment, and that the court's bailiff returned his message and told him that he could file an appeal.

{¶17} In his fifth assignment of error, Stephen argues that the trial court erred when it failed to "dismiss Mother's Motion in Opposition for; Insufficient Service of Process." He asserts that Tiffany's response to his motion was filed with the clerk of courts three days before the court's scheduled ruling date, but was not actually mailed

to him until the scheduled ruling date. He attached to his appellate brief what he purports to be a copy of an envelope addressed to him from Tiffany's attorney, showing a postmark for the scheduled ruling date.

**{¶18}** An appellate court cannot rely on matters raised in briefs, or attached thereto, but not supported in the record, to resolve assignments of error. *State v. Johnson*, 1st Dist. Hamilton No. C-170612, 2019-Ohio-287, ¶ 27; *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 4 (1st Dist.); *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), syllabus. The fourth and fifth assignments of error are overruled on the sole basis that the claimed errors are not demonstrated in the record.

### *Conclusion*

**{¶19}** Having overruled each of the assignments of error, we affirm the trial court's judgment.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.