[Cite as *In re R.L.S.*, 2014-Ohio-3294.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|                        |   |                         |
|------------------------|---|-------------------------|
| IN THE MATTER OF:      | : |                         |
| R.L.S.                 | : | CASE NO.  CA2013-12-117 |
|                        | : | O P I N I O N           |
|                        |   | 7/28/2014               |
|                        | : |                         |
|                        | : |                         |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 06-C00674

Juliette Gaffney Dame, 4824 Socialville-Foster Road, Mason, Ohio 45040, for appellant

Rittgers & Rittgers, Renee L. Crist, 12 East Warren Street, Lebanon, Ohio 45036, for appellee

**RINGLAND, P.J.**

{¶ 1}   Appellant, Keri Shields (Mother), appeals from a decision of the Warren County Court of Common Pleas, Juvenile Division, denying Mother approval to relocate and granting the motion of appellee, John Appel (Father), to modify parenting time.  For the reasons stated below, we affirm the decision of the trial court.

{¶ 2}   Mother and Father have one child together, R.L.S.  Mother and Father have never been married to each other and have not been together as a couple since before R.L.S.'s birth in 2006.  Mother lives in Mason, Ohio with R.L.S. and Father recently moved

from Northern Kentucky to Batesville, Indiana with his wife and blended family. In February 2007, Mother and Father entered into an Agreed Entry which provided that Mother would be the residential parent and legal custodian of R.L.S. Father was to have parenting time under a Basic I Parenting Schedule. The Entry also prohibited the permanent relocation of R.L.S. from Ohio "without prior written approval of the Court or prior written consent of the other parent."

{¶ 3} In May 2013, Mother filed a notice of intent to relocate where Mother indicated she would be moving with R.L.S. from Ohio to North Carolina. In response, Father filed several motions including a motion to change custody, a motion to modify parenting time, and a motion in opposition to mother's notice of intent to relocate. Mother also filed a motion for the court to conduct an in camera interview of R.L.S. The court interviewed R.L.S. on October 16, 2013.

{¶ 4} A trial was held regarding the various motions. The court issued a decision finding Mother could not relocate with R.L.S. and granting Father's request to modify parenting time. In regards to the notice to relocate, the court stated that the 2007 Agreed Entry prohibited permanent relocation of R.L.S. without prior written approval of the Court and that "[h]aving considered all the factors listed in R.C. §3109.04(F)(1), the Court finds that a relocation of the minor child to North Carolina is not in her best interest." The Court noted that in its analysis of the best interest factors the interview of R.L.S. was "of no benefit to the court." Concerning Father's motion to modify parenting time, the court found it was in the best interest of R.L.S. to modify Father's parenting time from a Basic I Schedule to a Basic II Schedule. Due to the resolution of the relocation issue, the court did not address father's motion to change custody.[1]

---

1. The court noted it would not address Father's motion to change custody because "Father has stated that if Mother remains in Ohio, then he is essentially foregoing his Motion to Change Custody."

{¶ 5} Mother now appeals, asserting three assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY NOT ALLOWING MOTHER TO RELOCATE TO NORTH CAROLINA WITH HER DAUGHTER.

{¶ 8} Mother challenges the trial court's refusal to grant Mother permission to relocate. Mother maintains that because she is the residential parent and legal custodian of R.L.S., the court cannot prevent her from relocating with R.L.S. but instead may only set a hearing to address the revision of Father's parenting time.

{¶ 9} A trial court's decision regarding custody will not be disturbed on appeal absent an abuse of discretion. *Valentine v. Valentine*, 12th Dist. Butler No. CA2010-12-320, 2012-Ohio-426, ¶ 10. An abuse of discretion is more than an error in judgment or law and connotes that the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} A sole residential parent and legal custodian of a child who moves to a residence other than that specified in a parenting order or decree must comply with R.C. 3109.051(G)(1), which provides:

> If the residential parent intends to move to a residence other than the residence specified in the parenting time order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree. Except as provided in divisions (G)(2), (3), and (4) of this section, the court shall send a copy of the notice to the parent who is not the residential parent. Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the parenting time schedule for the child.

{¶ 11} R.C. 3109.051 does not grant the trial court authority to prohibit relocation by the residential parent. *Acus v. Acus*, 12th Dist. Madison No. CA2009-08-017, 2010-Ohio-

856, ¶ 14. Instead, the statute permits a court to adjust parenting time rights in light of relocation. *Id.*

{¶ 12} However, when a court order has previously limited the ability of the residential parent to relocate, a different analysis applies. In this situation, "[u]pon the filing of the notice of intent to relocate as provided in R.C. 3109.051(G)(1), the trial court must first determine whether any court orders, such as an agreed divorce decree, separation agreement or shared parenting plan, limit the ability of the parent filing the notice to relocate." *Zimmer v. Zimmer*, 10th Dist. Franklin No. 00AP-383, 2001 WL 185356, *3 (Feb. 27, 2001). If the court determines that no court orders limit the ability of the parent to relocate, then the court may "proceed with a hearing to revise the visitation schedule as provided in R.C. 3109.051(G)(1)." *Id.*

{¶ 13} If a court order expressly or implicitly restricts the residential parent's ability to relocate, R.C. 3109.051(G)(1) does not govern the court's authority regarding relocation. *Id.* at *3-4. Instead under these circumstances, the court may forbid the parent from relocating with the child upon a determination that relocation is not in the best interests of the child. *Id.* at *3-4. *See Gydosh v. Vice*, 8th Dist. Cuyahoga No. 80176, 2002 WL 485770, *3-4 (Mar. 28, 2002); *Acus* at ¶ 15. *See Williams v. Mabra*, 12th Dist. Fayette No. CA2005-09-027, 2006-Ohio-5845, ¶ 14 (parent has a constitutional right to live anywhere in the country; court's authority merely extends to revision of visitation schedule).

{¶ 14} When the terms of the court order do not provide a standard for the trial court to employ in this determination, the court is to look at the best interest factors as specified in R.C. 3109.04(F)(1). *Zimmer* at *4. The burden rests with the party seeking to relocate to establish that the relocation is in the best interest of the child. *Salisbury v. Salisbury*, 11th Dist. Portage Nos. 2005-P-0010 and 2005-P-0084, 2006-Ohio-3543, ¶ 101.

{¶ 15} In the case at bar, the 2007 Agreed Entry provided:

8.  If either party intends to change his or her address she must file a notice of intent to relocate with the Court.  A copy of this notice shall be mailed to the other party. * * *

9.  Neither party is permitted to permanently remove the child from the State of Ohio (i.e. change the child's residence to an address outside the State of Ohio) without prior written approval of the Court or prior written consent of the other parent.

{¶ 16} The Entry clearly provides that neither Mother nor Father may permanently remove R.L.S. from Ohio without prior consent of the other parent or approval from the court.  Therefore, the court was not constrained to merely modifying parenting time under R.C. 3109.051(G)(1).  Instead, the court was to determine whether it was in the best interest of R.L.S. under the factors specified in R.C. 3109.04(F)(1) to relocate with Mother to North Carolina.  In this case, the court applied the R.C. 3109.04(F)(1) factors and found it was not in R.L.S.'s best interest to approve Mother's request to relocate.  Therefore, because the Agreed Entry prohibited relocation without the prior approval of the court, the court did not err in denying Mother's request to relocate with R.L.S.

{¶ 17} Mother's first assignment of error is overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT APPLIED THE WRONG STANDARD IN MODIFYING A PRIOR ORDER OF THE COURT BY LOOKING FOR BEST INTEREST OF THE CHILD BEFORE LOOKING AT IF THERE WAS A CHANGE IN CIRCUMSTANCES.

{¶ 20} Mother challenges the modification of Father's parenting time from a Basic I Schedule to a Basic II Schedule.  Specifically, Mother argues that the court erred in modifying Father's parenting time based only upon a finding that a modification would be in the best interest of R.L.S under R.C. 3109.051.  Instead, Mother maintains that before revising parenting time, the court should have first determined whether there was a "change of circumstances" pursuant to R.C. 3109.04(E).  In this case, mother asserts that her potential

relocation did not constitute a "change of circumstances."

{¶ 21} R.C. 3109.04 governs the modification of prior judgments allocating parental rights and responsibilities and provides that before a prior custody order may be modified the trial court must find that a change of circumstances has occurred. R.C. 3109.04(E)(1)(a). In general, the act of moving a child to a different state does not, by itself, constitute a substantial change in circumstances to warrant a *change of custody*. *Valentine*, 2012-Ohio-426 at ¶ 13; *Brammer v. Brammer*, 194 Ohio App.3d 240, 2011-Ohio-2610, ¶ 20 (3d Dist.).

{¶ 22} However, in this case the trial court did not modify the custody of R.L.S. but instead modified Father's *parenting time*. While a change in circumstances is required where there is a change in custody arrangements, any modifications to parenting time are not subject to the same requirement. *Cavagnaro v. Cavagnaro*, 12th Dist. Warren No. CA2012-02-012, 2012-Ohio-4024, ¶ 9, citing *Braatz v. Braatz*, 85 Ohio St.3d 40, 44-45 (1999). Instead, R.C. 3109.051 governs matters of the modification of visitation. *Id.* Pursuant to R.C. 3109.051(D), the court must consider the enumerated best interest factors therein as well as any other factor in the child's best interest when modifying parenting time. *Id.*, citing *Braatz* at 45.

{¶ 23} The best interest factors the court shall consider in establishing a parenting time schedule include: the prior interrelationships with parents and relatives; the geographical distance between parents; the available time of both the child and parents; age of the child; child's adjustment to home, school and community; wishes and concerns of the child; health and safety of the child; child's time with other siblings; mental and physical health of all parties; each parent's willingness to reschedule missed parenting time; whether the residential parent has denied the other parent's rights to parenting time; whether either parent is establishing a residence outside the state; and any other factor in the best interest of the child. R.C. 3109.051(D); *Mackowiak v. Mackowiak*, 12th Dist. Fayette No. CA2010-04-

009, 2011-Ohio-3013, ¶ 104. We review the modification of visitation or parenting time for an abuse of discretion. *In re Hinkle Children*, 12th Dist. Butler No. CA2002-12-309, 2003-Ohio-5282, ¶ 10.

{¶ 24} In modifying Father's parenting time, the court first noted that "to modify the visitation schedule under ORC §3109.051 the Court must merely find that the modification is in the Child's best interest." The court discussed the various best interest factors which included that Father has had "frequent and continuing contact" with R.L.S. since she was an infant, he is "actively involved" in R.L.S.'s life, and Father has implemented a solution to the increased travel distance to his home in Indiana so that Mother's travel responsibility is reduced. Additionally, the court noted that during Father's weekend visits with R.L.S., she is able to spend time with Father's blended family that includes her stepmother, several step-sisters and brothers, Father's children from a previous marriage, and Father's and the stepmother's baby. Consequently, the court concluded that "it finds no reason why Father should not enjoy more time with [R.L.S.]" and revised Father's parenting time to a modified Basic II schedule.

{¶ 25} Therefore, the trial court's failure to consider whether there was a "change of circumstances" under R.C. 3109.04 was proper because the court was modifying Father's parenting time and not modifying a prior custody order. Instead, in modifying Father's parenting time, the court appropriately considered the best interest factors enumerated within R.C. 3109.051(D).

{¶ 26} Mother's second assignment of error is overruled.

{¶ 27} Assignment of Error No. 3:

{¶ 28} THE TRIAL COURT ERRED IN DISREGARDING THE WISHES OF THE CHILD DESPITE HER COMPETENCY.

{¶ 29} Mother maintains error occurred because the court disregarded R.L.S.'s desire

to relocate to North Carolina. Mother asserts that once she requested the court to interview R.L.S., the court had to consider R.L.S.'s wishes if it found R.L.S. "competent." Mother argues that the court ignored whether R.L.S. was "competent" and instead based its decision solely on what was in R.L.S.'s best interest.

{¶ 30} A trial court's decision regarding custody will not be disturbed on appeal absent an abuse of discretion. *Valentine*, 2012-Ohio-426, ¶ 10. Similarly, a determination of a child's reasoning ability, like a competency determination, is within the sound discretion of the trial court. *Wilson v. Wilson*, 4th Dist. Lawrence No. 09CA1, 2009-Ohio-4978, ¶ 17.

{¶ 31} R.C. 3109.04(B) provides that in allocating parental rights and responsibilities or in any proceeding for modification of a prior order, the trial court must take into consideration the best interests of the child. When determining the best interest, "the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation." R.C. 3109.04(B)(1). If the court interviews any child pursuant to this above-mentioned section, the court "first shall determine the reasoning ability of the child." R.C. 3109.04(B)(2)(b). If the court determines that the child has "sufficient reasoning ability" to express her "wishes and concerns with respect to the allocation of parental rights and responsibilities," the court may "determine the child's wishes" with respect to the allocation. *Id.*

{¶ 32} Additionally, the child's wishes and concerns regarding custody is a "best interest" factor the court must consider in allocating parental rights and responsibilities pursuant to R.C. 3109.04(F)(1)(b). However, a child's wishes are not controlling upon the trial court and are only one of among several factors a trial court considers when determining what is in the child's best interest. *Kellogg v. Kellogg*, 10th Dist. Franklin No. 04AP-382, 2004-Ohio-7202, ¶ 19.

{¶ 33} Prior to trial, Mother filed a motion for an in camera interview of R.L.S. In its decision, the trial court discussed the interview of R.L.S. in regards to whether Mother could relocate. The court specified, "[h]aving considered all the factors listed in R.C. 3109.04(F)(1), the Court finds that a relocation of the minor child to North Carolina is not in her best interest." The court then stated:

> The Court specifically notes that the interview of the minor child that was conducted pursuant to R.C. §3109.04(F)(1)(b) was of no benefit to the Court. While [R.L.S.] was able to tell the Court of her desire to live in North Carolina, the Court questions the child's reasoning ability to fully comprehend the consequences of moving out of state. The Court finds it is not in [R.L.S.]'s best interest for the Court to take into consideration her wishes.

{¶ 34} The trial court did not err in disregarding R.L.S.'s wishes regarding the relocation to North Carolina with Mother. The decision specifically states that the court "questions the child's reasoning ability to fully comprehend the consequences of moving out of state." This indicates that the trial court determined that R.L.S. did not have sufficient reasoning capability to express her wishes and concerns with regard to the relocation. Therefore, the court did not have to determine and consider her wishes when weighing whether it was in her best interest to relocate with Mother. Additionally, even if the court had found R.L.S. competent, a child's wishes and concerns regarding parental rights is one factor among a number of factors in determining custody and would not be dispositive of the custody determination. Consequently, the court did not err in disregarding R.L.S.'s wishes regarding relocating with Mother.

{¶ 35} Mother's third assignment of error is overruled.

{¶ 36} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.