[Cite as *Wren v. Hawkins*, 2021-Ohio-3287.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| MARY ELIZABETH WREN, | : | |
| Appellant, | : | CASE NO. CA2021-03-005 |
| | : | O P I N I O N |
| - vs - | | 9/20/2021 |
| | : | |
| JEREMY HAWKINS, et al., | : | |
| Appellees. | : | |


APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 21940029


Charles C. Postlewaite, LLC, and Charles C. Postlewaite, for appellant.

Jonna and William Wilcox, pro se.


**HENDRICKSON, J.**

{¶1} Appellant, the biological mother of G.L.H., G.K.H., and B.A.H. ("Mother"), appeals the decision of the Madison County Court of Common Pleas, Juvenile Division, denying her motion for change of custody. For the reasons discussed below, we affirm the juvenile court's decision.

{¶2} In 2011, G.L.H. born October 6, 2006, G.K.H. born December 28, 2007, and

B.A.H. born September 1, 2009, were removed from Mother's care following substantiated abuse allegations and placed in the temporary care of Franklin County Children Services. The three boys were placed with Mother's sister, Jonna Wilcox, and her husband, William Wilcox, as a kinship placement from June 2011 through December 2011. After a brief period back with Mother, additional substantiated abuse allegations were made, and the boys were returned to the Wilcoxes. On August 14, 2013, Jonna and William were granted legal custody of the boys.

{¶3} Since that time, the Wilcoxes have raised G.L.H., G.K.H., and B.A.H. along with their biological daughters. Mother has exercised her visitation rights over the years. The record reflects that during a reassessment of child support in 2018, Mother learned that she was able to petition the court for custodial rights. On April 29, 2019, Mother filed a complaint for custody.[1] The matter was heard before a magistrate on December 19, 2019.

{¶4} During the hearing, Mother acknowledged that G.L.H., G.K.H., and B.A.H. were removed from her care and placed in the legal custody of the Wilcoxes, but now believes she is in a better position to care for them. Mother explained that the boys used to be "innocent" and "happy go lucky," but stated that, as they have gotten older, they seem frustrated and angry. Part of Mother's concern is her fear that her children are treated differently than the Wilcoxes' biological daughters, aged 16 and 13. A particular point of contention was the children's sleeping arrangements. Mother explained that the Wilcoxes previously lived in a double-wide trailer where their girls shared a room while the boys shared another room. Mother complained that when the Wilcoxes moved to a new home, the girls were each given their own bedrooms upstairs while G.L.H., G.K.H., and B.A.H

---

1. The case initially proceeded in the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch. However, the Wilcoxes subsequently moved to Madison County, Ohio thereby divesting Franklin County of jurisdiction.

share bunkbeds in the unfinished basement. Mother testified that this arrangement leaves the boys feeling disconnected from the family. Mother also testified about various other complaints the boys have expressed to her. For example, Mother explained that the boys want to be more involved in sports and activities. Mother also complained that the girls receive preferential treatment and are permitted to use things, such as cell phones and the internet, while the boys are not.

{¶5} Following Mother's testimony, Jonna testified and provided context for many of the concerns raised by Mother. Jonna explained that she and her family had recently moved from a double-wide trailer into a newly constructed home. Jonna strongly disagreed with the allegations made by Mother that the boys were treated differently than the girls. Regarding the sleeping arrangements, Jonna testified that the boys were offered a choice regarding their bedroom and that they chose to share the basement. Jonna agreed that the girls have cell phones and the boys do not. Jonna explained that G.L.H. used to have a cell phone, but it was taken away from him because he was using it to view pornographic images. Jonna stated that she was unaware that G.L.H., G.K.H., and B.A.H. wanted to participate in additional extracurricular activities. Rather, Jonna discussed the care of the children and detailed other programs that the boys took part in, such as youth group, Wednesday Life Group, and swimming.

{¶6} On May 8, 2020, the magistrate issued a decision denying Mother's motion for a change of custody. Following Mother's request, the magistrate issued findings of fact and conclusions of law on October 29, 2020. Mother filed objections to the magistrate's decision. Following review, the juvenile court overruled Mother's objections and issued an order adopting the magistrate's decision. Mother now appeals, raising four assignments of error for review. For ease of discussion, we will address Mother's assignments of error out of order.

{¶7} Assignment of Error No. 1:

{¶8} THE COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION BY STATING THAT THERE HAS NOT BEEN A CHANGE IN CIRCUMSTANCES FOR THE MINOR CHILDREN OR THE LEGAL CUSTODIANS AND THEREFORE DENYING PLAINTIFF'S COMPLAINT FOR CUSTODY.

{¶9} Assignment of Error No. 3:

{¶10} IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR THE COURT TO RULE THAT THERE HAS NOT BEEN A CHANGE IN CIRCUMSTANCES FOR THE MINOR CHILDREN OR THE LEGAL CUSTODIANS AND THEREFORE DENYING PLAINTIFF'S COMPLAINT FOR CUSTODY.

{¶11} In her first and third assignments of error, Mother alleges the juvenile court erred by finding that there had not been a change in circumstances for the minor children.

{¶12} "A trial court has broad discretion in proceedings involving the care and custody of children." *In re Mullen*, 129 Ohio St. 3d 417, 2011-Ohio-3361, ¶14. As "custody issues are some of the most difficult and agonizing decisions a trial judge must make," the judge must be given "wide latitude in considering all the evidence" and the decision must not be reversed absent an abuse of discretion. *Pierson v. Gorrell*, 12th Dist. Butler No. CA2011-11-216, 2012-Ohio-3878, ¶ 10, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997). The term abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} Before turning to the specific circumstances of this case, we note that the juvenile court cited R.C. 3109.04 as the controlling law. However, since the Wilcoxes were awarded legal custody of the children, the applicable statute was R.C. 2151.42, which provides:

> A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child.

R.C. 2151.42(B).

{¶14} Although the juvenile court relied on R.C. 3109.04, it is clear it conducted the appropriate analysis in determining whether there had been a change in circumstances necessary to modify or terminate the prior order. Therefore, we will review the factual findings of the juvenile court and whether its decision amounted to an abuse of discretion. That is, we now consider, whether a change in circumstances has occurred and whether modification or termination of the prior order is necessary to serve the best interests of the children. In so doing, we are mindful of the fact that "[n]ot every change will support the modification of a [legal] custody order, but rather only a change [that] is one of substance that warrants a change of custody." *In re A.P.*, 9th Dist. Lorain No. 20CA011638, 2021-Ohio-1229, ¶ 12.

{¶15} In her first and third assignments of error, Mother raises four issues that she claims amount to a change in circumstances, several of which overlap: (1) there was evidence presented that the minor children were treated differently than the Legal Custodians' biological children as the minor children aged and after they moved to their new home, (2) that a passage of time can be a change in circumstances, (3) there has been a change of circumstances in the minor children's lives, (4) the move for the minor children to a new home was a detriment to the children.

{¶16} Mother's first and third issues argue that the boys are treated differently than the girls. As noted above, she alleges that the boys are not able to participate in extracurricular activities, have cell phones, access the internet, and are subject to different

forms of punishment. She further takes issue with the fact that the boys sleep downstairs in an unfinished basement while the girls each have their own bedroom.

{¶17} The juvenile court found that any difference in the treatment of the children was minor and inconsequential. Though the girls have their own rooms, the court cited the children's maturation levels and that separation along gender lines may well have been appropriate to protect the privacy of each child. The juvenile court also found the restrictions on cell phones and internet access, as well as the different forms of punishment, did not rise to the level necessary to constitute a change in circumstances. The juvenile court further found that the needs of the children were being met and they were not treated differently or punished more extensively. The juvenile court stated that Mother is confusing the needs of the boys with things they may want. Though Mother may claim that she could provide more opportunities for the boys to participate in extracurricular activities outside of school and church, the court determined that Mother had not presented an adequate ground for a change in circumstances.

{¶18} Following review, we agree with the juvenile court. In this case, the record reveals that the boys are in good care and are not subject to disparate treatment relative to the girls. It is true that the girls each have their own bedrooms, but the record also reflects that the boys chose to sleep in the basement together in bunkbeds and that the family was working towards completing the unfinished portion of the basement. Though Mother suggests that she could do better with helping the boys enroll in more extracurricular activities, we do not believe that rises to the level of a change of circumstances. We further note that, while the Wilcoxes have imposed restrictions on the boys' internet, tablet, and phone usage, there is evidence that this was not done with the intention of furthering disparate treatment, but rather a legitimate use of parental discretion and punishment after discovering that certain inappropriate materials had been accessed online. Thus, we do

not find a change in circumstances with respect to Mother's claims raised in her first and third issues.

{¶19}  In her second issue, Mother argues that the boys have grown since they were placed in the legal custody of the Wilcoxes and that their physical, mental, and emotional needs have changed dramatically.  The juvenile court agreed that under certain circumstances the passage of time can constitute a change in circumstances but denied that such was the case here.  The juvenile court found that the testimony presented indicated that the boys are not any different in terms of physical, mental, and emotional needs than other children of similar age to warrant a finding of a change in circumstances based on the passage of time.

{¶20}  Following review, we agree with the trial court.  Though the boys have grown in the years since they were placed in the legal custody of the Wilcoxes, the evidence presented at the hearing does not support a finding of a change in circumstances.  Mother claims that the boys appear to be moodier and, as she described it, less innocent.  The evidence does not suggest that these shifts appear any more pronounced than other similar aged children as they approach adolescence.  Accordingly, we disagree with Mother's argument that a change in circumstances occurred because of the passage of time and the children's emotional needs.

{¶21}  In her fourth issue, Mother argues that there was a change in circumstances because the family moved into a new home.  The juvenile court denied Mother's claim, noting that the move in residence improved the children's living situation.  The juvenile court noted that the boys were kept together in the basement and not separate.  The girls each had their own bedroom.  As previously noted, the juvenile court found that this arrangement may have been prudent given the maturation of the children, the difference in their genders, and the need for privacy.

{¶22} Again, we find the find the juvenile court did not abuse its discretion. Though a move, in some circumstances, can constitute a change in circumstances, this is not such an occasion. *See e.g., Zinnecker v. Zinnecker*, 133 Ohio App.3d 378, 384 (12th Dist.1999). In the present case, the family moved from a double-wide trailer to a new freestanding home thereby improving their living situation. It is true that the boys' beds were in the unfinished basement while the girls each had their own bedrooms. However, as correctly determined by the trial court, this may have been prudent given the maturation of the children, the differences in gender, and their respective privacy needs. Furthermore, Jonna Wilcox testified that the reason the boys were in the basement was because they chose that space as their sleeping quarters. The evidence does not show that placing the boys in the basement was the result of any malicious intent or favorable treatment for the Wilcoxes' own children.

{¶23} Having reviewed the record, we find the trial court did not err in finding that there had not been a change in circumstances. As a result, we find Mother's first and third assignments of error are without merit and are overruled.

{¶24} Assignment of Error No. 2:

{¶25} THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION BY STATING THAT IT WAS NOT IN THE BEST INTEREST OF THE MINOR CHILDREN FOR MOTHER TO REGAIN CUSTODY OF THE MINOR CHILDREN AND THEREFORE DENYING PLAINTIFF'S COMPLAINT FOR CUSTODY.

{¶26} Assignment of Error No. 4:

{¶27} IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR THE COURT TO RULE THAT IT WAS NOT IN THE BEST INTEREST OF THE MINOR CHILDREN FOR MOTHER TO REGAIN CUSTODY OF THE MINOR CHILDREN AND

THEREFORE DENYING PLAINTIFF'S COMPLAINT FOR CUSTODY.

{¶28} In her second and fourth assignments of error, Mother argues that the juvenile court erred by concluding that it was not in the children's best interest for mother to regain custody. However, since we have determined there was no change in circumstance, we need not address the best interest standard on appeal. R.C. 2151.42(B) specifically provides that a change in circumstances is necessary to modify legal custody. Mother's second and fourth assignments of error are without merit and hereby overruled.

{¶29} Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.