[Cite as *In re M.V.P.*, 2023-Ohio-4778.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| M.V.P., et al. | : | CASE NO. CA2023-03-028 |
| | | CA2023-03-029 |
| | : | |
| | : | O P I N I O N |
| | | 12/28/2023 |
| | : | |
| | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 19-D000057

Tyrone P. Borger, for appellant.

Traci M. Carr, for appellee Mother.

Paris K. Ellis, for appellee, Father.

**PIPER, J.**

{¶ 1} Appellant, the paternal grandmother ("Grandmother") of two children, appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, granting legal custody of the children to their mother ("Mother").

{¶ 2} The two children in this case were the subjects of a Warren County Children

Services case. Both children were adjudicated as neglected based in part on the domestic violence between Mother and Father ("Father"). The children were placed in the temporary custody of the paternal grandparents while Mother and Father worked on case plans to reunite with the children. The parents made insufficient progress towards reunification. Father did not adequately address his anger issues or drug usage. Mother, despite several attempts, was unable to end her volatile relationship with Father. Legal custody was granted to the paternal grandparents in June 2021.

{¶ 3} At the time it awarded legal custody to the grandparents, the court indicated that Mother was a loving parent who would not harm her children, but she was trapped in a dangerous cycle of domestic violence and as long as she kept going back to Father, she and the children were in danger. The court granted Mother a significant amount of visitation time with the children and Father was not to be present at any of Mother's visitations. Mother was granted visitation every week from 6:00 p.m. on Tuesday until 9:00 a.m. on Thursday, along with every other weekend. Mother, who at the time of the hearing stated she had been separated from Father for two days, did not resume her relationship with Father.

{¶ 4} Problems arose when Grandmother began enrolling the older child in preschool and activities. Some of these activities occurred during Mother's parenting time and Grandmother failed to first discuss or approve her plans with Mother. Mother, who was in nursing school and working nights, objected to some of Grandmother plans and Grandmother had to adjust preschool days and team activity days.

{¶ 5} Grandmother filed a motion to modify parenting time, requesting that the court remove Mother's mid-week visitations. Mother then filed a motion for legal custody of the children. Father also filed a motion for custody, but withdrew the motion and instead asked

for increased visitation along with some unsupervised visitation.

{¶ 6} A magistrate held a hearing on the motions.  At the time of the hearing, the children were four years old and almost three years old.  The magistrate considered the evidence and issued a decision awarding legal custody to Mother. The decision also provided for visitation with Grandmother and for unlimited supervised visitation for Father during Grandmother's visitation time, but no unsupervised visitation.  The trial court adopted the magistrate's decision after considering Grandmother's objections.  Grandmother now appeals the trial court's decision granting legal custody to Mother and raises three assignments of error for our review.

{¶ 7} First Assignment of Error:

{¶ 8} THE TRIAL COURT COMMITTED ERROR BY OVERRULING APPELLANT'S OBJECTION REGARDING THE ADMISSIBILITY OF THE VIDEO RECORDING OF THE CHILDREN PRESENTED BY MOTHER SHOULD BE SUSTAINED [SIC]

{¶ 9} In her first assignment of error, Grandmother challenges the trial court's decision to admit two videos presented at the hearing by Mother.  The videos were taken of the children in the backseat of a vehicle while Mother was driving.  The older child is purportedly hitting himself and Mother questions him and instructs that "we do not hit." During the video, Mother asks her son "who hits?" and the child responds "Daddy hits" and "Daddy hit my face."

{¶ 10} Grandmother argues that admission of the video is prohibited by R.C. 3109.04(B)(3).  This statute provides the following:

> No person shall obtain or attempt to obtain from a child a written
> or recorded statement or affidavit setting forth the child's wishes
> and concerns regarding the allocation of parental rights and
> responsibilities concerning the child.  No court, in determining

the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child or for purposes of resolving any issues related to the making of that allocation, shall accept or consider a written or recorded statement or affidavit that purports to set forth the child's wishes and concerns regarding those matters.

{¶ 11} Grandmother argues that the plain language of the statute prohibits admission of the video and based on the language, the trial court should not have admitted Mother's exhibit and it should not have been considered in the trial court's decision considering the parties' positions regarding custody of the children. At the hearing, the trial court took the matter under advisement and in the written decision, determined that the videos were admissible. The court found that the videos do not refer to the proceedings and do not indicate the child's preference for where he wanted to reside. The trial court further noted that the questions Mother asked the child about the hitting behavior were appropriate and it was unlikely that the child even knew the camera was on.

{¶ 12} The Ohio Supreme Court has stated that "[t]his statute was obviously intended to protect children from unsupervised demands that they choose between their parents, and the harm such demands may cause is a valid concern in any proceeding." The court continued by stating that the statute, however, does not prohibit all written or recorded statements or affidavits of a child, but only those that purport to set forth the child's wishes and concerns regarding the allocation of parental rights. *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 376 (1994).

{¶ 13} We find, under the particular facts of this case, that the trial court did not err in determining that admission of the videos did not violate R.C. 3109. 04(B)(3). As the trial court found, the child is not questioned regarding his wishes of who he would like to reside with. Instead, the videos document concerning behavior by the child and the mother questioning where the behavior originated. The videos also document Mother instructing

correct behavior. The statute Grandmother relies on is one that prohibits a party from creating circumstances wherein a child's wishes are elicited for the purposes of having parental rights allocated. The trial court found those were not the circumstances surrounding the evidence herein and neither do we. Grandmother's first assignment of error is overruled.

{¶ 14} Second assignment of error:

{¶ 15} THE TRIAL COURT COMMITTED ERROR BY DETERMINING THAT MOTHER DEMONSTRATED A CHANGE IN CIRCUMSTANCES ALLOWING FOR THE CHANGE IN CUSTODY.

{¶ 16} Third Assignment of error:

{¶ 17} THE JUVENILE COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND FAILED TO MEET THE CLEAR AND CONVINCING STANDARD

{¶ 18} In her second and third assignments of error, Grandmother argues that Mother failed to establish a change in circumstances sufficient to warrant a change in custody and that the change of custody was not in the best interest of the children.

{¶ 19} We begin our analysis of this case by noting that both parties, along with the trial court, cite R.C. 3109.04 as providing the applicable standard in this case. However, because Grandmother was awarded legal custody of the children in a dependency case under R.C. 2151.353, the applicable standard is provided in R.C. 2151.42. See R.C. 2151.42(A). Under this provision,

> [a] court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person that was granted legal custody, and that the modification or termination of the order is necessary to serve

the best interest of the child.

{¶ 20} Although the court applied R.C. 3109.04, we find that the trial court nonetheless engaged in the appropriate analysis, as both this court and the Ohio Supreme Court have noted that the analysis under either statute is similar as both require a change in circumstances and a consideration of the best interest of the child. *See In re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, ¶ 26; *Wren v. Hawkins*, 12th Dist. Madison No. CA2021-03-005, 2021-Ohio-3287, ¶ 13-14. *See also In re A.S.*, 2d Dist. Montgomery No. 27156, 2016-Ohio-7622, ¶ 11.

{¶ 21} We therefore turn to the issue of whether Mother demonstrated a change in circumstances sufficient to warrant a change in custody. The term "change in circumstance" is not defined in the Revised Code. However, "Ohio courts have held that the phrase is intended to denote 'an event, occurrence, or situation which has a material and adverse effect upon a child.'" *Jones v. Wall*, 12th Dist. Warren No. CA2015-10-088, 2016-Ohio-2780, ¶ 17, quoting *Preece v. Stern*, 12th Dist. Madison No. CA2009-09-019, 2010-Ohio-857, ¶ 10. This means that, "[i]n order to warrant a change of custody, the change in circumstances must be one 'of substance, not a slight or inconsequential change.'" *Heath v. Heath*, 12th Dist. Fayette No. CA2016-08-011, 2017-Ohio-5506, ¶ 37, quoting *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997). The change, however, need not be "substantial." *Nagel v. Hogue*, 12th Dist. Brown No. CA2007-06-011, 2008-Ohio-3073, ¶ 17

{¶ 22} "In determining whether a change in circumstances has occurred so as to warrant a change in custody, a trial judge, as the trier of fact, must be given wide latitude to consider all issues which support such a change." *Davis* at 415, paragraph two of the syllabus. Accordingly, such a decision must not be reversed absent an abuse of discretion.

*Id.* at 418; *Heath v. Heath*, 12th Dist. Fayette No. CA2016-08-011, 2017-Ohio-5506, ¶ 37.

{¶ 23} In the trial court's previous decision awarding legal custody to Grandmother, the court noted that Mother was a loving parent who would not harm her children, but she was trapped in a dangerous cycle of domestic violence. However, the court noted it was unable to award custody because of Mother's inability to sever her toxic relationship with Father. The court found that the children benefit from a relationship with Mother and therefore awarded substantial parenting time so that Mother could continue to be an integral part of the children's lives. In fact, in its decision awarding custody to Mother, the magistrate noted that this order granted Mother "liberal parenting time" which was "nearly fifty percent."

{¶ 24} The trial court determined that Mother established a change in circumstances because Grandmother interfered with Mother's parenting time, excluded Mother from key events, such as holidays, and failed to advise Mother of appointments, enrollments and other important activities.

{¶ 25} Mother testified to the issues regarding preschool and activities for the older child. She also testified that she has not been informed of medical visits and other important appointments for the children, including the fact that the older child was placed in counseling. Mother further indicated that since the time Grandmother was granted legal custody, Mother has never had the children for their birthdays or holidays and Grandmother denies these requests when asked. In addition, Mother testified that she has concerns with Grandmother keeping the children safe because the children have had bruises, marks and black eyes. She was also concerned with the aggressive behavior of her older child and discussed the behavior she had seen from the child, including the video recordings. Because of the hostility and issues between Mother and Grandmother, Mother's fiancé now conducts visitation transfers while Mother waits in the car.

{¶ 26} "Ohio courts have frequently held that a custodial [party's] interference with a noncustodial parent's visitation, and the [parties'] inability to communicate and cooperate may constitute a change in circumstances which would allow for a modification of custody." *In re E.R.*, 1st Dist. Hamilton No. C-180615, 2019-Ohio-4491, ¶ 7-8 (citing cases in which interference with custody constituted a change in circumstances). Likewise, this court has held that "Increased hostility between the [parties] and the frustration of visitation are factors which can support a finding of a change in circumstances." *Pierson v. Gorrell*, 12th Dist. Butler No. CA2011-11-216, 2012-Ohio-3878, ¶ 26. While age alone is not a sufficient factor to establish a change in circumstances, even a small change in age when combined with hostility between caregivers that adversely affects visitation or the custody arrangement, may constitute a sufficient change in circumstances to warrant a change in custody. *See, e.g.*, *Davis*, 77 Ohio St.3d at 420; *In re E.R.*, 2019-Ohio-4491 at ¶ 10; *Green v. Green*, 11th Dist. Lake No. 96-L-145, 1998 Ohio App. LEXIS 1434, 1998 WL 258434 (Mar. 31, 1998)

{¶ 27} We find the trial court did not err in finding a change of circumstances was established in this case. When the trial court granted legal custody to Grandmother, it did so with the expectation that Mother would continue to be an integral part of the children's lives. However, as the older child became old enough to be involved in activities, problems arose between Grandmother and Mother regarding the timing of these activities. In fact, both Grandmother and Mother filed motions requesting a change in the custodial arrangement because of the inability of the two to agree on these issues, which will only increase as the children become older. In addition, Grandmother failed to allow Mother to spend time with the children on birthdays and holidays, depriving Mother of important parenting time. Grandmother's second assignment of error is therefore overruled.

{¶ 28} In her third assignment of error, Grandmother argues that the trial court erred

in determining that a change in custody was in the children's best interest. We note that while Grandmother argues the decision was against the manifest weight of the evidence, a trial court's decision on a change of custody will not be disturbed on appeal absent an abuse of discretion. *In re R.L.S.*, 12th Dist. Warren No. CA2013-12-117, 2014-Ohio-3294, ¶ 9. "When applying the abuse-of-discretion standard, an appellate court's role is to ascertain whether the award of custody is supported by competent and credible evidence." *In re D.M.*, 196 Ohio App.3d 50, 2011-Ohio-3918, ¶ 25 (12th Dist.), citing *Davis*, 77 Ohio St.3d at 415; *see also In re J.L.C.*, 12th Dist. Butler No. CA2022-05-046, 2023-Ohio-4081, ¶ 50.

{¶ 29} We further note that while Grandmother argues that the trial court's decision is not supported by clear and convincing evidence, the case she cites for this proposition is a permanent custody case. Unlike a permanent custody case where a juvenile court's standard of proof is clear and convincing evidence, a trial court's decision in a legal custody proceeding must be supported by a preponderance of the evidence. *In re A.W.-G.*, 12th Dist. Butler No. CA2003-04-099, 2004-Ohio-2298, ¶ 7.

{¶ 30} While R.C. 2151.42(B) requires the court determine whether a change in custody is in the best interest of the child when determining whether to modify an order of legal custody, there are no specific factors enumerated for the court to consider. A juvenile court considering the best interests of the child in a legal custody matter must consider all relevant factors and may consider the relevant best interest factors set forth in R.C. 3109.04(F) or R.C. 2151.414(D). *In re X.L.L.*, 12th Dist. Brown No. CA2022-03-003, 2023-Ohio-751.

{¶ 31} The trial court indicated that Mother has always exercised her parenting time and has been very bonded to the children and they benefit from time spent with her. On the other hand, Grandmother interfered with Mother's parenting time and failed to

communicate important information to Mother. At the hearing, both Mother and Grandmother agreed that there were conflicts between the two regarding the children. As the children age these conflicts will only increase. There were also concerns that Grandmother was allowing Father unsupervised contact with the children, contrary to the court's orders.

{¶ 32} Mother testified that she ended her relationship with Father, does not have any contact with him, and is finished with the domestic violence cycle. She is engaged to a man who she described as "totally different" from Father. Mother and her fiancé bought a home and at the time of the hearing, Mother had almost completed schooling to become a Licensed Practical Nurse. Her current employer indicated that it would hire her as a nurse when she graduated.

{¶ 33} We find no error in the trial court's determination that granting legal custody to Mother is in the children's best interest. As mentioned above, when granting legal custody to the grandparents, the trial court's primary concern with Mother was inability to remove herself from the domestic violence situation. Mother has resolved the situation and is in a better position to safely parent the children. Grandmother, on the other hand, has shown an inability to communicate and ensure that Mother remains an important part of the children's lives. Grandmother's third assignment of error is overruled.

{¶ 34} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.