OPINION
{¶ 1} Plaintiff-appellant Veronica Galindo ("Galindo") brings this appeal from the judgment of the Court of Common Pleas of Defiance County, Juvenile Division, modifying custody and naming defendant-appellee Emilio DeLosSantos ("DeLosSantos") the residential parent of their son.
 {¶ 2} On September 15, 1995, Emilio DeLosSantos ("Emilio") was born to Galindo. On November 6, 1996, Galindo, then a resident of Defiance County, filed a complaint to establish paternity and obtain child support from DeLosSantos. DeLosSantos stipulated that he was Emilio's father and a child support order was established. On February 19, 1997, Galindo and DeLosSantos were married in Kentucky, where both of them then resided. Notice of their marriage was given to the Court of Common Pleas of Defiance County, Juvenile Division, in this case. On June 13, 1997, the trial court entered a judgment terminating the child support order as of February 20, 1997.
 {¶ 3} On February 2, 1998, The Defiance County Child Support Agency ("DCCSA") filed a motion to reinstate child support due to the fact that Galindo and DeLosSantos had separated. The record contains no evidence establishing when Galindo returned to Defiance County from Kentucky.[1] A hearing was held on February 26, 1998. On April 7, 1998, the trial court awarded custody of Emilio to Galindo and ordered DeLosSantos to pay child support.
 {¶ 4} At some point afterward, DeLosSantos filed for dissolution of the marriage in Kentucky. In the property settlement agreement, the parties agreed that the Court of Common Pleas of Defiance County would have jurisdiction over all child matters. The Fayette Circuit Court of the Commonwealth of Kentucky granted the dissolution on July 28, 1999, which incorporated the separation agreement granting jurisdiction over the child matters to the Court of Common Pleas of Defiance County.
 {¶ 5} On June 28, 2000, DeLosSantos filed a motion in the trial court to "define opportunities and obligations of the parties which have not been established in the past." The parties entered a consent judgment entry mediated between the parties on July 10, 2000. Also in July of 2000, Galindo and Emilio moved to Ravanna, Michigan.
 {¶ 6} On October 31, 2000, DeLosSantos filed a motion to modify parental rights and requesting that he be named Emilio's residential parent. A hearing was held on the motion on November 11, 2000. On January 23, 2001, the trial court denied the motion.
 {¶ 7} On June 23, 2003, DeLosSantos again filed a motion to modify parental rights. A hearing was held on the motion on July 9, 2003.[2] On August, 11, 2003, the trial court granted the motion to modify the parental rights and designated DeLosSantos as the residential parent. On October 10, 2003, Galindo filed a motion to dismiss and to vacate the trial court's entries for lack of subject matter jurisdiction. This motion was denied on October 31, 2003, without a hearing. It is from this judgment that Galindo appeals and raises the following assignment of error.
The trial court erred denying [Galindo's] motion to dismissand to vacate its judgment entries modifying the allocation ofparental rights.
 {¶ 8} Galindo argues in her assignment of error that the trial court lacked jurisdiction to enter the judgment DeLosSantos seeks. This raises the question of when a juvenile court's jurisdiction over a child in a parentage action is terminated. The jurisdiction of the court, in such a case, would normally continue until the child reached the age of majority or graduated from high school, whichever came later. However, the jurisdiction of the trial court can be terminated by the action of the parties terminating responsibility to pay child support. This parentage action was terminated by the marriage of the parties. Once the parents were married, the duty of DeLosSantos to pay child support ended since the parents were residing in the same household as a married couple with their son. Thus, the trial court properly terminated the parentage action. Since the parties were married and resided in Kentucky thereafter, any domestic matter, including child support, would properly lie in a domestic relations court.
 {¶ 9} However, in this case, the parties did not file an action in any appropriate court. At some point prior to February 2, 1998, Galindo evidently left DeLosSantos in Kentucky and returned to Defiance County with their son. The exact date when this occurred is not available in the record. Upon her return, DCCSA filed a motion to reinstate child support. However, the juvenile court did not have continuing subject matter jurisdiction to order DeLosSantos, as the husband, to pay child support to Galindo, his wife, upon their separation. In addition, the child in question had not resided in Ohio for six months prior to the commencement of the proceedings. That matter probably should have been filed in the Domestic Relations Court in Kentucky, where the couple resided and where Galindo had resided until a short time before DCCSA filed its motion.[3] However, without subject matter jurisdiction to handle the issues raised, any judgments entered by the Ohio court are void ab initio. Pratts v. Hurlery, 102 Ohio St.3d 81,2004-Ohio-1980, 806 N.E.2d 992, ¶ 22. Subject matter jurisdiction cannot be conferred upon the court by the parties, so the fact that all parties agreed to submit to the personal jurisdiction of the trial court is moot. Id.
 {¶ 10} Even if the parties could possibly have waived the jurisdiction requirements in the prior instances, the trial court should not have exercised jurisdiction in this instance.
(A) No court of this state that has jurisdiction to make aparenting determination relative to a child shall exercise thatjurisdiction unless one of the following applies:
 (1) This state is the home state of the child at the time ofcommencement of the proceeding, or this state had been thechild's home state within six months before commencement of theproceeding and the child is absent from this state because of hisremoval or retention by a parent who claims a right to be theresidential parent and legal custodian of a child or by any otherperson claiming his custody or is absent from this state forother reasons, and a parent or person acting as parent continuesto live in this state;
 (2) It is in the best interest of the child that a court ofthis state assumes jurisdiction because the child and hisparents, or the child and at least one contestant, have asignificant connection with this state, and there is available inthis state substantial evidence concerning the child's present orfuture care, protection, training, and personal relationships;
 (3) The child is physically present in this state and eitherhas been abandoned or it is necessary in an emergency to protectthe child because he has been subjected to or threatened withmistreatment or abuse or is otherwise neglected or dependent.
 (4) It appears that no other state would have jurisdictionunder prerequisites substantially in accordance with division(A)(1), (2), or (3) of this section, or a court in another statehas declined to exercise jurisdiction on the ground that thisstate is the more appropriate forum to make a parentingdetermination relative to the child, and it is in the bestinterest of the child that this court assume jurisdiction.
 (B) Except as provided in divisions (A)(3) and (4) of thissection, physical presence in this state of the child, or of thechild and one of the contestants, is not alone sufficient toconfer jurisdiction on a court of this state to make a parentingdetermination relative to the child.
R.C. 3109.22.
 {¶ 11} In this case, Galindo and Emilio resided in Ohio when the prior motions were considered. The current action before us was commenced on June 23, 2003. In 2000, Emilio and Galindo moved to Michigan. At all times, DeLosSantos resided in Kentucky. The trial court should not have exercised jurisdiction in this case unless one of the statutory requirements are met. The first option is not met because although Emilio resided in Michigan for more than six months, DeLosSantos did not reside in Ohio. The second option also does not apply because neither the child nor his parents maintained any connection with Ohio. All of the evidence that was used to support the motion for modification of custody was based upon acts that occurred in Michigan, including court cases and criminal investigations that occurred in Michigan. The third option does not apply because Emilio is not present in Ohio and has not been abandoned. Finally, the fourth option does not apply because no other court was asked to assume jurisdiction. The appropriate forum for this matter would be either in the domestic relations court of Kentucky, where the domestic relations action originally should have been brought in 1998, or in Michigan, where Galindo and Emilio reside and where all of the matters in question occurred. Since none of the four options apply, the trial court should not have exercised jurisdiction. The assignment of error is sustained.
 {¶ 12} The judgment of the Court of Common Pleas of Defiance County, Juvenile Division, is reversed and remanded for dismissal of the proceedings for lack of subject matter jurisdiction.
Judgment reversed.
Shaw, P.J. and Cupp, J., concur.
[1] This court can only presume based upon the findings of the trial court that Galindo was employed by a Defiance County Company at the time of the hearing that she had returned to Defiance County by February 26, 1998. However, the affidavit entered by DeLosSantos indicates that Galindo did not move back to Ohio until November 1998.
[2] By this time, Galindo had apparently moved to Fremont, Michigan. DeLosSantos continued to reside in Kentucky throughout all proceedings.
[3] The appropriate court would likely have been in Kentucky because it does not appear that Galindo had resided in Defiance County for the six months required to file for a legal separation or a divorce. R.C. 3105.03.