OPINION
{¶ 1} Appellant, Karen S. Staats (nka Bowersock)("Karen"), appeals the May 11, 2006 judgment of the Court of Common Pleas, Allen County, Ohio, Juvenile Division, overruling Karen's objections to the magistrate's decision and adopting the magistrate's conclusion of law to dismiss for lack of jurisdiction.
 {¶ 2} On November 11, 1995, Danielle Nicole Bowersock ("Danielle") was born to Karen. On September 25, 1996, a parent-child relationship was established between Darrin M. Bowersock ("Darrin") and Danielle through an administrative order by Allen County Child Support Enforcement Agency pursuant to R.C. 3111.21 and 3111.22 (which has since been amended). However, no orders of visitation or support were issued due to Karen and Darrin residing together.
 {¶ 3} Karen and Darrin married in June of 1997 and subsequently divorced in February of 1999. However, when Karen and Darrin got divorced the Domestic Relations Court did not address any issues relating to the child in the divorce decree. On October 15, 1999, a complaint was filed to establish child support in the Juvenile Court by the Allen County Child Support Enforcement Agency (ACCSEA) on behalf of Karen. Darrin filed an answer admitting paternity and the parties waived counsel and the filing of objections to the complaint.
 {¶ 4} On September 2, 2004, a motion for contempt for failure to pay child support was filed by ACCSEA. After being continued on numerous occasions upon the request of Darrin, the matter proceeded to hearing on June 30, 2005 in Karen's absence. Darrin admitted to being in contempt and the matter was set for a sentencing hearing on November 10, 2005.
 {¶ 5} On August 16, 2005, Darrin filed a motion to modify child support and the matter was heard on October 12, 2005. On October 24, 2005, the magistrate issued an order directing the parties to submit a memorandum of law concerning the applicability of this Court's decision in Galindo v. DeLosSantos, 3 rd Dist. No. 4-03-50, 2004-Ohio-3343. On October 28, 2005, the parties filed their respective memorandum of law. On November 7, 2005, the magistrate's decision was issued dismissing the motion due to lack of jurisdiction.
 {¶ 6} On November 15, 2005, Karen filed a motion for an extension of time to file objections to the magistrate's decision, motion to stay, and request for a transcript. Each of the above motions were granted on November 30, 2005 and on March 21, 2006, the hearing transcript was filed. On March 27, 2006, Karen filed objections to the magistrate's decision. On May 11, 2006, the juvenile court issued its judgment by adopting the magistrate's conclusion of law to dismiss for lack of jurisdiction.
 {¶ 7} On May 19, 2006, Karen filed a notice of appeal raising the following assignment of error:
 THE TRIAL COURT COMMITTED AN ERROR OF LAW BY DISMISSING THE ACTION FOR A LACK OF JURISDICTION.
 {¶ 8} Karen claims in her sole assignment of error that the juvenile court erred in dismissing her action for a lack of jurisdiction. Specifically, she alleges that the trial court misapplied the finding made by this Court in Galindo, thereby committing error by dismissing the matter for a lack of jurisdiction. She asserts that the facts are clearly distinguishable between this case and Galindo.
 {¶ 9} However, we must note that neither party has presented any authority establishing that the Court of Common Pleas, Allen County, Ohio, Domestic Relations Division was authorized to forego any provision for the maintenance and care of the child in granting the judgment of divorce in February of 1999. Oddly, the Judgment Entry entered on February 19, 1999 did not even acknowledge that Karen and Darrin had a child together, Danielle; nor was any statement made as to the maintenance and care of the child whether it be to establish that the Juvenile Court has continuing jurisdiction over the minor child or that the matter of child custody and support would be dealt with in the divorce.
 {¶ 10} The only indication in the record that this Court has that the Domestic Relations Division may have chosen not to exercise jurisdiction over the minor child due to the Juvenile Court already exercising jurisdiction was provided in the Memorandum of Law that was filed by Karen on October 28, 2005. The Memorandum of Law states that Karen indicated to her attorney that the Domestic Relations Division decided not to address the issue because Juvenile Court was exercising jurisdiction over the minor child. However, no indication was made in the Judgment Entry in the Domestic Relations Division regarding any issues of the parties' child.
 {¶ 11} Pursuant to the following statutory provisions of the Ohio Revised Code, we find that the Domestic Relations Court has the superseding obligation in this case to properly dispose of issues regarding the children of the divorcing parties. Specifically, R.C.3103.03(A) provides,
 The biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor.
R.C. 3105.011 establishes,
 The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. * * *
R.C. 3105.21(A) states,
 Upon satisfactory proof of the causes in the complaint for divorce, annulment, or legal separation, the court of common pleas shall make an order for the disposition, care, and maintenance of the children of the marriage, as is in their best interests, and in accordance with section 3109.04 of the Revised Code.
R.C. 3109.04(A) asserts,
 In any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents and considering any mediation report * * *, the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage. * * *
 {¶ 12} Furthermore, the supremacy of the Domestic Relations Division in this situation has previously been endorsed by this Court inGalindo which states:
 [t]he jurisdiction of the trial court [juvenile court] can be terminated by the action of the parties terminating responsibility to pay child support. This parentage action was terminated by the marriage of the parties. * * * the trial court properly terminated the parentage action. Since the parties were married * * * any domestic matter, including child support, would properly lie in a domestic relations court.
 {¶ 13} Accordingly, it is our conclusion that the juvenile court did not err in dismissing the action for lack of jurisdiction because the Domestic Relations Division should have exercised jurisdiction to deal with the care and maintenance of the parent's child in the divorce. Accordingly, Karen's sole assignment of error is overruled.
 {¶ 14} Therefore, the May 11, 2006 judgment of the Court of Common Pleas, Allen County, Ohio, Juvenile Division, overruling Karen's objections to the magistrate's decision and adopting the magistrate's conclusion of law to dismiss for lack of jurisdiction is affirmed.
Judgment affirmed.
 ROGERS, P.J., concurs in judgment only.
 BRYANT, J., concurs.